## HEDGEBETH v. NORTH CAROLINA.

No. 674.   Argued April 27, 1948.—Decided June 14, 1948.

By special leave of Court, *Wilford L. Whitley, Jr., pro hac vice,* argued the cause and filed a brief for petitioner.

*Ralph Moody,* Assistant Attorney General of North Carolina, argued the cause for respondent. With him on the brief was *Harry McMullan,* Attorney General, and *T. W. Bruton,* Assistant Attorney General.

PER CURIAM.

After a conviction for robbery, petitioner sued out a writ of *habeas corpus* in a Superior Court of North Carolina claiming that the sentence he is serving involved a denial of his rights under the Fourteenth Amendment. The writ was dismissed and the dismissal affirmed by the Supreme Court of North Carolina. 228 N. C. 259, 45 S. E. 2d 563. If petitioner's allegations, with supporting affidavits, in the *habeas corpus* proceedings controlled the issue before us, they would establish circumstances that make the right to assistance of counsel an ingredient of the Due Process Clause. While the Supreme Court of North Carolina recognized the right of an accused to the benefit of counsel under appropriate circumstances, it held that in the proceedings on the *habeas corpus* the trial court had before it not merely the petitioner's allegations but "the oral testimony of the sheriff, which was not sent up." In short, there was before the North Carolina Supreme Court only a partial record of the proceedings in the Superior Court. In reviewing a judgment of a state court, we are bound by the record on which that judgment was based. Since the North Carolina Supreme Court went on the ground that it did not have the full record before it, we are constrained to dismiss this writ because the judgment below can rest on a non-federal ground. Petitioner's rights under the Federal Constitution must be pursued according to the procedural requirements of North Carolina or, in default of relief by available North Carolina proceedings, by a new claim of denial of due process for want of such relief. *Foster* v. *Illinois,* 332 U. S. 134, 139.

MR. JUSTICE DOUGLAS and MR. JUSTICE RUTLEDGE are of the opinion that the judgment should be reversed.