**LEWIS**

v.

**TERRITORY OF HAWAII.**

No. 13912.

United States Court of Appeals
Ninth Circuit.

Feb. 20, 1954.

Hyman M. Greenstein, David H. Marshall, Honolulu, Hawaii, for appellant.

Robert E. St. Sure, Public Prosecutor, John R. Desha, Takashi Kitaoka, Asst. Public Prosecutor, City and County of Honolulu, Hawaii, for appellee.

Before DENMAN, Chief Judge, and STEPHENS and POPE, Circuit Judges.

DENMAN, Chief Judge.

Lewis appeals from a judgment of the Supreme Court of the Territory of Hawaii affirming a judgment of the Hawaiian district court convicting him of a violation of the Hawaiian law against procuring and pimping. Lewis contended before the Hawaiian Supreme Court and contends here that he was denied due process because after he dis-

closed to the trial court he was without funds to employ counsel, counsel for him was appointed by that court on April 7, 1952, and the case ordered for trial and the trial began in less than twenty-four hours on April 8, 1952.

The record shows no motion of the appointed counsel for a continuance, but does show that on April 8, 1952, "both parties being ready to proceed," the impanelment of the jury went forward. Apparently, nothing in the course of the trial embarrassed Lewis or his counsel because of the short time for preparation of the case, for no motion for a new trial was made to the trial court on that or any ground. The transcript of the trial proceedings is not before us.

■ In these circumstances we are unable to hold that due process, which must affirmatively appear, was denied Lewis. He well could have told his counsel: "Go ahead, I have no witnesses. Do the best you can on cross-examination of the prosecution's witnesses."

An affidavit of Lewis' attorney appears in the transcript but not as filed in the cause. It purports to state that the attorney had never before tried a case, that when appointed on April 7, 1952, he requested in chambers further time, but failed to move for it when the trial began on the next day. Assuming that such a document, not shown to be filed in the case, could have been considered by the Hawaiian Supreme Court, Lewis' brief in that court abandoned any contention based thereon in the following language: "At the outset, defendant does abandon in the entirety all argument based upon the affidavit of Nane Aluli, Esq., attorney of record in the court below for defendant, as to the conduct of said defense."

■■ The supreme court's opinion makes no mention of the abandoned contention. Not being raised in the court below, it cannot be raised here. As we stated in Warner v. Territory of Hawaii, 9 Cir., 206 F.2d 851 at page 852: "The federal question essential to appellate ju-

risdiction must moreover be first raised below and timely presented for consideration by the Supreme Court of the Territory."

The judgment is affirmed.