## STATE v. HERBERT GATTIS ANDREWS, JR.

(Filed 18 September, 1957.)

**1. Indictment and Warrant § 9—**

Where time is not of the essence of the offense charged, an indictment may not be quashed for failure to allege the specific date during the month on which the crime was committed.

**2. Same: Burglary § 2½—**

An indictment charging all the essential elements of a felonious breaking or entry within the purview of G.S. 14-54 is not subject to quashal on the ground that defendant should have been charged with a nonfelonious entry under the statute, since the sufficiency of the evidence to support the felony charge cannot be challenged by motion to quash, but must ordinarily be raised by motion to nonsuit or by prayer for special instructions.

**3. Indictment and Warrant § 13—**

A motion to quash will lie only for fatal defect appearing on the face of the indictment, and upon such motion the court may not consider extraneous evidence or matters *dehors* the record proper.

**4. Criminal Law § 107—**

The failure of the court to charge the jury to scrutinize the testimony of an accomplice will not be held for error in the absence of request for such instruction, since the matter is a subordinate and not a substantive feature of the case.

**5. Larceny § 2—**

The common law rule that the stealing of property of any value is a felony has been changed by statute so that the stealing of property of the value of not more than $100 is a misdemeanor. G.S. 14-72.

**6. Burglary § 5—**

In a prosecution under an indictment charging a felonious breaking and entering, an instruction that if the jury should find that defendant broke or entered the room in question with intent to commit the crime of larceny of "any examination papers," defendant would be guilty of feloniously breaking or entering, must be held for error as assuming as an established fact that the papers possessed such value as to make the intent to steal any of them an intent to commit the crime of felonious larceny.

**7. Burglary § 1—**

Where the State relies upon intent to steal specific property to sustain the charge of felonious breaking or entering, the State must prove and the jury find beyond a reasonable doubt that defendant intended to steal property of sufficient value to make the taking thereof a felony.

**8. Criminal Law § 169—**

Where it is apparent from the record that error in the trial of the felony counts may have influenced the verdict on the misdemeanor count, a retrial of the whole case will be awarded, notwithstanding that the error does not pertain directly to the misdemeanor count.

**9. Larceny § 2—**

G.S. 14-401.1 applies to examinations given by State licensing boards and can have no application in a prosecution for the theft of college examination papers.

**10. Criminal Law § 166—**

Where a new trial is awarded on one exception, questions raised by other assignments of error which may not recur on retrial need not be considered.

APPEAL by defendant from *Mallard, J.,* and a jury, at December Criminal Term, 1956, of ORANGE.

The defendant was tried on three bills of indictment (Nos. 892, 893 and 894) charging him with feloniously breaking into or entering administrative offices of the University of North Carolina, at Chapel Hill, with intent to steal personal property, in violation of G.S. 14-54. Indictment No. 892 contains a second count charging the defendant with larceny of examination papers belonging to Professor Gordon Cleveland and the University of North Carolina of the value of less than $100.

STATE *v.* ANDREWS.

Before pleading to the bills, the defendant moved to quash each of them. The motions were overruled, and thereupon the bills were consolidated for trial.

The State's evidence discloses that during the summer of 1956 mimeographed copies of examinations to be given in the department of Political Science were kept in the office of Professor Gordon Cleveland at 201 Caldwell Building. It was the custom in the department of Political Science for the instructors to prepare the examinations in long hand and deliver them to the departmental secretaries in Professor Cleveland's office for mimeographing several days before the examinations were to be given. The secretaries would type the stencils and run off copies on a mimeograph machine. The mimeographed copies were then placed in a file, with built-in lock, located in the office. On examination day, the instructor would go by, pick up his papers, and take them to the examination room. Professor Carl C. Moses was a part-time instructor during the summer session of 1956, and was giving a course called Political Science 87. Mimeographed copies of the examination to be given by him were prepared in the customary manner sometime before examination day and were left in the file in 201 Caldwell Building.

The defendant, a nonstudent at the time, had ways and means of gaining access to quiz and examination papers after they were mimeographed. He would obtain copies and sell them to students for fees. Max Icenhour was taking the course in Political Science 87. Charlie Stevens was taking Political Science 41. Each desired to secure a copy of the examination he was to take. At separate times they discussed the matter with the defendant. He agreed to get copies for both students. At a late hour on a night in June the defendant, accompanied by Icenhour and Stevens, entered Caldwell Hall. The defendant, using a key to the door, entered room 201 while Icenhour and Stevens stood watch at different places in the building. A few minutes later the defendant came out of the room with a copy of the examination paper in Political Science 87 and handed it to Icenhour. Stevens was advised that his paper had not been prepared. However, some weeks later the room was re-entered by the defendant, with Icenhour and Stevens again standing watch. This time, the defendant obtained and gave to Stevens a mimeographed copy of the examination to be given in Political Science 41.

Thereafter, Icenhour learned that he was under investigation by the Honor Council. The disciplinary records in the case were on file in the suite of offices occupied by Dean Weaver and S. H. McGill, Director of Student Activities, at 206 South Building. This was known to the defendant. He told Icenhour there were some things he wanted to check. So, on the night of 2 August they entered 206 South. The

defendant went into an inner office while Icenhour waited in the outer room. In a few minutes the defendant returned with a manila envelope in which the records in the Icenhour case were tied up. The records were opened and examined and then were taken back where they were found.

The foregoing summary is taken in the main from the testimony of Icenhour and Stevens, who were called as State's witnesses. The defendant, protesting his innocence, went upon the stand and denied all incriminatory portions of the State's evidence.

The jury by their verdict found the defendant guilty of the felony charges of breaking or entering with intent to commit larceny as alleged in each of the three bills of indictment, and guilty of stealing an examination paper as charged in the second count of bill No. 892. Judgments were entered imposing concurrent prison sentences as to each of the three felony convictions. On the second count in bill No. 892, judgment was entered imposing a suspended probationary prison sentence. From the judgments so entered, the defendant appeals.

*L. H. Mount and Claude V. Jones for defendant, appellant.*
*Attorney-General Patton and Assistant Attorney-General Giles for the State.*

JOHNSON, J. The defendant by his first assignment of error challenges the court's refusal to quash the first count in bill No. 892. In this count it is alleged that the defendant "on or about the..............day of June, A.D. 1956 . . . unlawfully wilfully and feloniously did break and enter . . . Room 201, Caldwell Hall . . . with intent to steal, take, and carry away . . . chattels" of Gordon Cleveland, Carl C. Moses, and the University of North Carolina. The defendant in his motion to quash alleges that the challenged count is fatally defective for failure to describe the charge attempted to be alleged with sufficient exactness to enable him to prepare his defense or avail himself of conviction or acquittal as a bar to subsequent prosecution for the same offense.

The only defect of description asserted by the defendant is the failure to allege the exact date when entry into Room 201 Caldwell is claimed to have been made. The defendant contends that the indictment is fatally defective because the offense is alleged to have occurred on or about the blank day of June instead of a specified day in June. The contention is without merit. Time not being of the essence of the offense charged, it was not necessary that the exact date be specified. G.S. 15-155; *S. v. Suddreth*, 223 N.C. 610, 27 S.E. 2d 623.

The defendant also contends that the first count in bill No. 892 should have been quashed because it charges an entry into 201 Caldwell Hall

with felonious rather than nonfelonious intent. The defendant takes the position he should have been indicted for no more than a nonfelonious entry under the 1955 amendment to G.S. 14-54 (C. 1015, S. L. 1955), and that it was error to charge him with violating the felony provisions of the statute. The contention is untenable. The fallacy on which the argument is based is obvious. The defendant is seeking, on appeal, to use his motion to quash for the purpose of challenging the insufficiency of the proofs to support the felony charge. Such evidentiary defects ordinarily must be raised by motion for nonsuit or by prayer for instructions to the jury. *S. v. Gaston,* 236 N.C. 499, 73 S.E. 2d 311. A defect of this sort may not be challenged by motion to quash. A motion to quash will lie only for fatal defect appearing on the face of the indictment. It must appear from an inspection of the bill that no crime is charged or that the bill is otherwise so defective that it will not support a judgment. *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663. The court, in ruling on the motion, is not permitted to consider extraneous evidence or matters *dehors* the record. Therefore, when the alleged defect must be established by evidence *aliunde* the record, the motion must be denied. "Record" as here used means the record proper. It does not include the case on appeal or transcript of the evidence. *S. v. Cochran, supra.* Here, there was no motion for nonsuit or prayer for instructions. The bill, No. 892, charges in the first count all the essential elements of a felonious breaking or entry within the purview of G.S. 14-54. See *S. v. Allen,* 186 N.C. 302, 119 S.E. 504. The language of this count is also sufficient to charge the lesser offense of nonfelonious entry under the recent amendment, C. 1015, S. L. 1955, now codified as part of G.S. 14-54. The motion to quash the felony count in bill No. 892 was properly overruled.

As to the defendant's motion to quash bills Nos. 893 and 894, it suffices to point out that these bills follow substantially the same form as the felony count in No. 892. This being so, the motions in Nos. 893 and 894 were properly overruled.

The defendant also points to the fact that all the crucial testimony offered against him was given by the two accomplices, Icenhour and Stevens. As to this, the defendant excepts and assigns error for failure of the trial judge to instruct the jury that the testimony of these witnesses should be received with caution and scrutinized carefully. Request for such instruction was not made at the trial. The rule is that in the absence of a special request, the failure of the court to charge the jury to scrutinize the testimony of an accomplice will not be held for error, the matter being a subordinate and not a substantive feature of the case. *S. v. Stevens,* 244 N.C. 40, 92 S.E. 2d 409. This assignment is overruled.

*Assignment of error No. 27.*—This assignment relates to the charge. The jury were instructed that if they found from the evidence and beyond a reasonable doubt that "the defendant broke into or entered Room No. 201, Caldwell Hall Building, at the University of North Carolina, in Chapel Hill, . . . *and that the defendant broke into, or entered said building and room, with the intent to commit the crime of larceny of any examination papers therein situate and being,* . . . the defendant would be guilty of breaking or entering the building in question, other than burglariously, with the intent to commit the felony of larceny therein, and if you so find beyond a reasonable doubt, it will be your duty to render a verdict of guilty of feloniously breaking or entering, as charged in the first count in the bill of indictment, No. 892. . . ." (Italics added.)

The italicized portion of the foregoing instruction is the crucial portion thereof. By it the State, in order to convict the defendant of felonious entry, was required to prove only that he entered the room with intent to steal *any* examination papers therein situate.

At common law the stealing of any property of value was a felony. 32 Am. Jur., p. 886; 52 C.J.S., p. 851. However, our statute, G.S. 14-72, which divides larceny into two degrees, one a misdemeanor, the other a felony, expressly makes it only a misdemeanor to steal property of the value of not more than $100.

The challenged instruction presupposed, and required the jury to assume as an established fact, that the examination papers possessed such value as to make the intent to steal *any* of them an intent to commit the crime of felonious larceny, as distinguished from larceny of misdemeanor grade.

The defendant was charged with breaking or entering Room 201 Caldwell Hall in violation of G.S. 14-54. In order to satisfy the felony requirement of this statute it must be made to appear that there was a breaking or entering into a designated building or room "with intent to commit a felony or other infamous crime therein." In the case at hand all the incriminating evidence tends to show that the defendant's intent to steal related solely to the examination papers inside the room. The question whether this intent was an intent to commit some infamous crime other than that of felonious larceny was not raised in the trial below. The case was tried and presented to the jury solely on the theory that if the defendant intended to steal *any* of the examination papers, such intent was an intent to commit a felony, *i.e.*, the felony of larceny.

However, to justify a conviction of the felony charge as alleged under G.S. 14-54, it was necessary for the State to prove and for the jury to find beyond a reasonable doubt that the defendant intended to steal property of sufficient value to make the taking thereof a felony. See

12 C.J.S., Burglary, Sec. 2, p. 666; 9 C.J., p. 1030. The evidence offered at the trial placed no specific pecuniary value on the examination papers. Nevertheless, it may be conceded that the evidence was sufficient to justify the inference that the examination papers possessed the requisite value to make the stealing of *any* of them larceny of misdemeanor grade. "In order to satisfy this requirement it is not necessary that the thing taken have any special, appreciable, or market value, or that it should be valuable to anyone except the owner; the law draws no fine distinctions in favor of one who takes an article from the true and lawful owner by criminal trespass except to determine the grade of the offense. It is sufficient if it is of any value at all, although less than the smallest coin." 52 C.J.S., Larceny, Sec. 2c. See also *Commonwealth v. Weston* (Mass.), 135 N.E. 465; *Jackson & Dean·v. The State,* 69 Ala. 249; *Gouled v. United States,* 255 U.S. 298, 310, 41 S. Ct. 261, 265, 65 L. Ed. 647; Annotation: 88 Am. St. Rep. bot. p. 594. We conclude, however, that the evidence does not justify the trial court's instruction which required the jury to assume as an established fact that the papers possessed such value as to make the intent to steal *any* of them an intent to commit the crime of felonious larceny, as distinguished from larceny of misdemeanor grade.

It follows that the court erred in instructing the jury to return a verdict of guilty of the felony charge if they found that the defendant broke into or entered the room with intent to steal "any examination papers." The instruction to which the assignment of error No. 27 relates must be held for prejudicial error entitling the defendant to a new trial on the first count in bill No. 892.

For similar errors in charging on bills Nos. 893 and 894, the defendant is also entitled to new trials.

As to the second count in bill No. 892, on which the defendant was convicted of larceny of misdemeanor grade for stealing an examination paper, our study of the record leaves the impression that the trial of this count was so related to that on the three felony counts that the verdict may have been influenced to the defendant's prejudice by the results in the felony counts. The ends of justice seem to require a retrial of the whole case. It is so ordered. See *S. v. Godwin,* 227 N.C. 449, 42 S.E. 2d 617.

Since the case goes back for retrial, we deem it appropriate to discuss the defendant's contention that the court below erred in failing to apply C. 147, S.L. 1917, now codified as G.S. 14-401.1. This statute is as follows:

"Misdemeanor to tamper with examination questions.—Any person who purloins, steals, buys, receives, or sells, gives or offers to buy, give, or sell any examination questions or copies thereof of

*any examination provided and prepared by law* before the date of the examination for which they shall have been prepared, shall be guilty of a misdemeanor, and upon conviction thereof shall be fined or imprisoned, or both, in the discretion of the court." (Italics added.)

The portion of the statute in italics above expressly limits the application of the statute to examinations "provided and prepared by law," *i.e.*, examinations given by the State Board of Medical Examiners, the State Board of Law Examiners, and other examining boards of this class. The statute has no application to college examination papers like those involved in the case at hand. Therefore, the court below properly refrained from applying the provisions of the foregoing statute. The allegations and proofs relating to larceny were governed by common law principles, except as modified by the statute, G.S. 14-72, which divides common law larceny into two degrees.

Since the questions raised by the defendant's other assignments of error may not recur on retrial, we refrain from discussing them.

New trial.