State v. Vick

STATE OF NORTH CAROLINA v. GEORGE VICK

No. 91

(Filed 14 April 1975)

1. **Criminal Law § 21— no necessity for preliminary hearing**
   An accused may be properly tried on a bill of indictment without benefit of a preliminary hearing.

2. **Constitutional Law § 31— rights of counsel, confrontation — time to prepare defense**
   The rights to assistance of counsel and of confrontation of one's accusers and witnesses, guaranteed by the Sixth Amendment to the U. S. Constitution and by Article I, §§ 19 and 23 of the N. C. Constitution, include the right of an accused and his counsel to have a reasonable time to investigate, prepare and present a defense; however, no set length of time for investigation, preparation and presentation of defense is required, and whether defendant is denied due process must be determined upon the basis of the circumstances of each case.

3. **Constitutional Law §§ 31, 32— effective assistance of counsel — conviction 12 days after capital offense**
   Defendant was not denied the effective assistance of counsel by the fact he was convicted of rape and sentenced to death within 12 days after the crime allegedly occurred where defense counsel did not move for a continuance or suggest to the court that a continuance

---

State v. Vick

---

might result in the production of exculpatory evidence or would permit him to prepare and present a more adequate defense.

**4. Criminal Law § 117— rape — prosecutrix as interested witness — absence of cautionary instruction**

The trial court in a rape case did not err in failing to instruct the jury to scrutinize the testimony of the prosecutrix as an "interested" witness absent a request for a cautionary instruction.

**5. Rape § 6— failure to submit lesser offenses**

The trial court in a rape case did not err in failing to submit to the jury lesser included offenses where all the evidence showed a completed act of intercourse and the dispute related only to whether the act of intercourse was by consent or as a result of force or coercion.

**6. Constitutional Law § 36; Rape § 7— death penalty for rape — constitutionality**

Imposition of the death penalty for rape does not constitute cruel and unusual punishment prohibited by the Eighth Amendment to the U. S. Constitution.

**7. Rape § 4— passes at another woman — irrelevancy**

In a rape prosecution the trial court properly sustained the State's objection to defense counsel's question to a witness as to whether defendant had ever made any passes at her.

**8. Criminal Law § 97— recalling prosecutrix as rebuttal witness — discretion of court**

The trial court in a rape case did not err in permitting the State to recall the prosecutrix as a rebuttal witness where the record does not show that defense counsel moved for a continuance on the ground he was taken by surprise by the additional evidence or that he was precluded from offering evidence in rebuttal.

**9. Criminal Law § 132— setting aside verdict as contrary to evidence**

A motion to set aside the verdict of the jury as being contrary to the greater weight of the evidence is addressed to the discretion of the trial judge and is not reviewable on appeal.

Justices COPELAND and EXUM did not participate in the hearing or decision of this case.

Chief Justice SHARP dissenting.

This case was docketed and argued as No. 85 at the Spring Term 1974.

APPEAL by defendant from *Fountain, J.,* 10 December 1973 Session of BEAUFORT Superior Court.

Defendant was tried on a bill of indictment which charged that " . . . George Vick . . . on or before the 1st day of December 1973, with force and arms, . . . did, unlawfully, wilfully and

State v. Vick

feloniously ravish and carnally know Shirley Harding, a female, by force and against her will . . . . "

Upon arraignment defendant entered a plea of not guilty.

Shirley Harding, the prosecuting witness, testified that at about 5:00 p.m. on 1 December 1973, defendant and his mother drove up to the house trailer occupied by the witness, her husband Dickie Harding, and their small child. Both defendant and his mother had been drinking, and neither had a valid driver's license. They asked her husband to drive them home. He agreed and left in defendant's automobile after telling her that he would return in about one hour.

At about 9:30 or 10:00 o'clock that evening, George Vick knocked on her trailer door. He told her that Dickie had passed out in the car and asked her to help bring him inside. However, when she opened the door, defendant threw her to the floor and started pulling her clothes off. She testified:

> . . . I bit him and scratched him and I fighted him, the door was partly open and I was trying to get out, I went to the door and he grabbed me again, and he started ripping —pulling my pants off, and he threw me on the floor again. I don't remember where I bit him, I think along his shoulder. I pulled his hair and I scratched him I think but I don't remember where. I just know I was fighting. I was still fighting when he had me on the floor and he grabbed hold of my neck and said, "Shirley I swear if you don't lay still, I'll kill you." I was scared and I laid still and he went ahead and had intercourse.

*     *     *

> . . . I did not consent to the act of having intercourse with him. The reason I laid still when he told me to do so is because he started choking me, I thought he was going to kill me.

Before leaving, defendant threatened to kill her if she told her husband what had happened. There was no telephone in the trailer, and she remained there with her baby until her husband returned at around noon on the following day. She immediately told him that defendant had raped her.

Ruby Edwards, who lived near the Harding trailer, testified that she heard the sounds of a woman calling for help at about

10:30 or 11:00 o'clock on the evening of 1 December 1973. The cries came from the direction of the Harding trailer.

Nelson Sheppard, a Beaufort County Deputy Sheriff, testified that Shirley Harding reported the alleged rape to him about 2:00 p.m. on 2 December 1973. At that time, she showed him several bruises on her arms and face and told him she bit defendant on his shoulders in the course of the struggle. He testified, without objection, that an internal examination of Mrs. Harding was performed, and a laboratory report indicated the presence of sperm. He arrested defendant on the same day and shortly thereafter observed tooth prints on defendant's shoulders.

Dickie Harding testified that after dropping defendant's mother at her home, he and defendant drove to Whichard's Beach and entered a dance hall where they later became separated. He saw defendant when he left and tried without success to stop him. He could not find a working telephone and finally obtained a ride to a cousin's home where he spent the night. He arrived home at about noon on the next day, and his wife immediately told him what had happened.

Defendant testified that he and his wife had been friends of the Hardings for some time. He stated that he first had intimate relations with Mrs. Harding in her trailer in May of 1973. On 1 December 1973, he and his mother went to Dickie's trailer for a social visit. Dickie left with them, and he thereafter accompanied Dickie Harding to a dance hall at Whichard's Beach. They became separated, and he returned to Mrs. Harding's trailer. Upon his arrival Shirley Harding invited him in, and after preliminary advances she voluntarily engaged in sexual intercourse with him. He testified that the marks on his shoulders were the result of her passionate embraces. He left the trailer after promising not to tell her husband of the incident.

The State recalled Mrs. Harding, who testified that she was not living in a trailer in May of 1973.

The jury returned a verdict of guilty of rape. On 12 December 1973 Judge Fountain imposed a sentence of death by asphyxiation. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Lester V. Chalmers, Jr. for the State.*

*Frazier T. Woolard for defendant appellant.*

BRANCH, Justice.

Defendant's first assignment of error is as follows:

The defendant George Vick was denied due process of law in being arrested, tried, convicted, and sentenced to death all within a ten day period.

In support of this assignment of error, defendant argues that he was prejudiced because he was denied a preliminary hearing.

[1] It is well recognized in this jurisdiction that an accused may be properly tried on a bill of indictment without benefit of a preliminary hearing. *State v. Foster,* 282 N.C. 189, 192 S.E. 2d 320; *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740; and *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44.

[3] Defendant also contends by this assignment of error that he was denied due process of law in that he was denied effective assistance of counsel because counsel did not have ample time to investigate, prepare and present his defense.

[2] The rights to assistance of counsel and of confrontation of one's accusers and witnesses are guaranteed by the Sixth Amendment to the Federal Constitution and by Article I, sections 19 and 23 of the North Carolina Constitution. *Avery v. Alabama,* 308 U.S. 444, 84 L.Ed. 377, 60 S.Ct. 321; *Powell v. Alabama,* 237 U.S. 45, 77 L.Ed. 158, 53 S.Ct. 55; *State v. Cradle,* 281 N.C. 198, 188 S.E. 2d 296. It is implicit in these Constitutional guarantees that an accused and his counsel shall have a reasonable time to investigate, prepare and present the defense of the accused. *State v. Phillips,* 261 N.C. 263, 134 S.E. 2d 386; *State v. Lane,* 258 N.C. 349, 128 S.E. 2d 389; *State v. Speller,* 230 N.C. 345, 53 S.E. 2d 294. However, no set length of time for investigation, preparation and presentation of defense is required, and whether defendant is denied due process must be determined upon the basis of the circumstances of each case. *State v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520.

In *State v. Gibson, supra,* Justice Ervin quoted with approval from *United States v. Nierstheimer,* 166 F. 2d 87, the following:

"In a capital case the court should not move so rapidly as to ignore or violate the rights of the defendant to a fair trial. No standard length of time must elapse before a

defendant in a capital case should go to trial. Each case, and the facts and circumstances surrounding it, provides its own yardstick. There must not be a mere sham proceeding or idle ceremony of going through the motions of a trial. However, courts do not deny due process just because they act expeditiously. The law's delay is the lament of society. Counsel must not conjure up defenses when there are none. Continuances to investigate and the subpoenaing of witnesses are matters that counsel must consider. If no witnesses are suggested or information furnished that would possibly lead to some material evidence or witnesses, the mere failure to delay in order to investigate would not be, in and of itself, a denial of due process."

See also: *Ungar v. Sarafite,* 376 U.S. 575, 11 L.Ed. 2d 921, 84 S.Ct. 841, reh. den., 377 U.S. 925, 12 L.Ed. 2d 217, 84 S.Ct. 1218; *Avery v. State of Alabama,* 308 U.S. 444, 84 L.Ed. 377, 60 S.Ct. 321; *Lewis v. Territory of Hawaii,* 210 F. 2d 552; *Barber v. United States,* 142 F. 2d 805; *State v. Hedgebeth,* 228 N.C. 259, 45 S.E. 2d 563, cert. den., 334 U.S. 806, 92 L.Ed. 1739, 68 S.Ct. 1185.

The defendant was charged with rape in the case of *State v. Whitfield,* 206 N.C. 696, 175 S.E. 2d 93. His case was called for trial two days after counsel was assigned for defense and twenty-two days after the crime was allegedly committed. Defense counsel moved for a continuance in order to prepare for trial. The Motion was denied. The jury returned a verdict of guilty of rape, and the defendant was sentenced to death. On appeal the defendant assigned as error the denial of his Motion to Continue. This Court found no error in the trial, and Chief Justice Stacy, speaking for the Court, in part, stated:

In the instant case, the alleged crime was committed on 3 October; the prisoner was apprehended about a week later, and duly indicted at the October Term of court; he was arraigned on 23 October, and counsel appointed to represent him; his trial was set for 25 October. The facts were simple and the controversy reduced itself to a question of veracity between the prosecuting witness and the prisoner. There were no other witnesses to the crime. We cannot say, as a matter of law, that in ruling the defendant to trial, the court took from him his constitutional right of confrontation. . . .

[3]　Here the record does not disclose that counsel for defendant moved for a continuance or suggested to the court that a continuance might result in the production of exculpatory evidence or would permit him to prepare and present a more adequate defense.

Under these circumstances we do not think that the trial judge's failure to, *ex mero motu,* grant defendant additional time was error.

[4]　Defendant, without citation of authority, assigns as error the failure of the trial judge to give cautionary instructions regarding the credibility of the prosecuting witness.

The proper instruction as to how the jury should consider the testimony of an "interested" witness is that the jury should scrutinize the testimony of an "interested" party in light of his interest in the outcome of the action, but if after such scrutiny the jury believes the witness has told the truth, it should give his testimony the same weight as it would give to any other credible witness. *State v. Turner,* 253 N.C. 37, 116 S.E. 2d 194; *State v. Holland,* 216 N.C. 610, 6 S.E. 2d 217; *State v. Ray,* 195 N.C. 619, 143 S.E. 143; *State v. Green,* 187 N.C. 466, 122 S.E. 178.

We need not decide whether this prosecuting witness is an "interested" witness since an instruction to scrutinize the testimony of a witness on the ground of interest or bias is a subordinate feature of the case which does not require the trial judge to give the cautionary instruction *unless there is a request for such instruction. State v. Vance,* 277 N.C. 345, 177 S.E. 2d 389; *State v. Brinson,* 277 N.C. 286, 177 S.E. 2d 398; *State v. Roux,* 266 N.C. 555, 146 S.E. 2d 654; *State v. Andrews,* 246 N.C. 561, 99 S.E. 2d 745; *State v. Sauls,* 190 N.C. 810, 130 S.E. 848; *State v. O'Neal,* 187 N.C. 22, 120 S.E. 817.

In instant case defense counsel did not request cautionary instruction. We think it proper to here note that Judge Fountain fully charged the jury on every substantial feature of the case, defined and applied the law to the facts, and fairly stated the contentions of both defendant and the State. We are unable to find error prejudicial to defendant in this assignment of error.

[5]　Defendant contends that the trial judge erred by failing to submit to the jury lesser included offenses of the crime of rape.

The necessity for submitting to the jury a lesser included offense of the one charged arises only when there is evidence to support the included crime of lesser degree. *State v. Watson,* 283 N.C. 383, 196 S.E. 2d 212; *State v. Bryant,* 280 N.C. 551, 187 S.E. 2d 111; *State v. Carnes,* 279 N.C. 549, 184 S.E. 2d 235; *State v. Murry,* 277 N.C. 197, 176 S.E. 2d 738; and *State v. McNeil,* 277 N.C. 162, 176 S.E. 2d 732.

In *State v. Bryant, supra,* the defendant was charged with rape. All the evidence disclosed completed acts of intercourse. The prosecuting witness testified that the acts of intercourse were against her will and were accomplished by force and the threat of the use of a deadly weapon. The defendant admitted having intercourse with the prosecuting witness but contended that the acts were with her consent. The defendant objected to the trial judge's failure to submit the lesser included offense of assault with intent to commit rape. This Court in overruling this assignment of error stated:

> The defendant's objection to the court's failure to submit assault with intent or assault on a female is not sustained. The court's instruction in this case harmonizes with the well established rule that in order to submit a lesser included offense there must be evidence of that lesser offense. "The presence of such evidence is the determinative factor."

Similarly in *State v. Arnold,* 284 N.C. 41, 199 S.E. 2d 423, all of the evidence revealed a completed act of sexual intercourse. The actual dispute related only to whether the act of intercourse was by consent or as a result of force or coercion.

There, this Court found no error in the failure of the trial judge to instruct the jury that they might find the defendant guilty of a lesser included offense.

In instant case, as in *Bryant* and *Arnold,* all the evidence shows a completed act of intercourse and a factual dispute as to whether the act was with the consent of the prosecuting witness or resulted from the defendant's use of force and coercion.

We are unable to distinguish instant case from *Bryant* and *Arnold,* and by virtue of the holdings in *Bryant* and *Arnold* this assignment of error is overruled.

[6] Defendant's contention that the imposition of the death sentence in this case constituted cruel and unusual punishment

prohibited by the Eighth Amendment to the United States Constitution has been consistently rejected by this Court in the recent cases of *State v. Noell,* 284 N.C. 670, 202 S.E. 2d 750; *State v. Jarrette,* 284 N.C. 625, 202 S.E. 2d 721; *State v. Waddell,* 282 N.C. 431, 194 S.E. 2d 19. We reaffirm the holdings in these cases.

[7] Defendant contends that the trial judge erred in a ruling on the admission of evidence offered through Mrs. Doris Ball.

Mrs. Ball, who was called as a defense witness, testified that she and her husband were friendly with the Vicks and the Hardings and that the three couples had visited socially in the Vick trailer about a week before the alleged rape occurred. During her direct examination by defense counsel, the following occurred:

Q. Has George Vick ever made any passes at you?

OBJECTION SUSTAINED.    EXCEPTION NO. 2

The record does not disclose what the witness would have said had she been permitted to answer the question.

The burden is upon the defendant to show prejudicial error, and we cannot know whether the trial judge's ruling is prejudicial without knowledge of what the witness would have said had she been permitted to answer. *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416; *State v. Peeden,* 253 N.C. 562, 117 S.E. 2d 398; *State v. Jones,* 249 N.C. 134, 105 S.E. 2d 513. Further, it is difficult to perceive how any responsive answer to this question could have been relevant.

We hold that Judge Fountain correctly sustained the State's objection.

[8] Defendant argues that Judge Fountain erred when he allowed the State to recall Shirley Harding as a rebuttal witness.

It is within the discretion of the trial judge to permit a party to introduce additional evidence after he has rested. This is so even after the jury has begun its deliberations. *State v. Shutt,* 279 N.C. 689, 185 S.E. 2d 206; *State v. Jackson,* 265 N.C. 558, 144 S.E. 2d 584; *State v. Coffey,* 255 N.C. 293, 121 S.E. 2d 736.

State v. Vick

There is nothing in this record to show that defense counsel moved for a continuance on the ground that he was taken by surprise by the additional evidence or that he was precluded from offering evidence in rebuttal.

Judge Fountain properly exercised his discretionary power in allowing the State to recall the prosecuting witness.

[9] Finally, defendant contends that the trial judge erred in refusing to set aside the verdict of the jury as being contrary to the greater weight of the evidence. This motion is addressed to the discretion of the trial judge and is not reviewable on appeal. *State v. Davis,* 282 N.C. 107, 191 S.E. 2d 664; *State v. Moore,* 279 N.C. 455, 183 S.E. 2d 546; *State v. Henderson,* 276 N.C. 430, 173 S.E. 2d 291; *State v. Bridgers,* 267 N.C. 121, 147 S.E. 2d 555.

The function of this Court is to determine whether errors were committed at trial. Even though this record discloses that defendant was apprehended, found to be an indigent, indicted by the grand jury of Beaufort County, arraigned, tried and sentenced to death within twelve days of the date of the alleged crime, our careful examination of this entire record does not disclose such prejudicial error as to warrant a new trial. Nevertheless, we are compelled to note the rather unusual tactics of defense counsel. For example, without moving for a continuance, he advances as his principal Assignment of Error the contention that he did not have ample time to prepare his client's defense.

If defendant deems himself entitled to further relief, a proceeding in the Superior Court under the provisions of Article 22 of Chapter 15 of the General Statutes is the proper mode for original determination of whether he has been denied the right of effective assistance of counsel. *State v. Wheeler,* 249 N.C. 187, 142 S.E. 2d 687. If he elects to so proceed, the Superior Court will, of course, appoint other counsel for this indigent defendant.

No error.

Justices COPELAND and EXUM did not participate in the hearing or decision of this case.

Chief Justice SHARP dissenting.

For the reasons stated by Chief Justice Bobbitt in his dissent in *State v. Bryant,* 280 N.C. 551, 559, 187 S.E. 2d 111, 116 (1972), and *State v. Arnold,* 284 N.C. 41, 52, 199 S.E. 2d 423, 430 (1973) (opinions in which I concurred), I would award a new trial on account of the court's failure to submit assault with intent to commit rape as a possible verdict. However, since the majority find no error in the trial below, for the reasons stated in my dissenting opinion in *State v. Williams,* 286 N.C. 422, 434, 212 S.E. 2d 113, 123 (1975), I dissent as to the death sentence and vote to remand for the imposition of a sentence of life imprisonment.