213 S.E.2d 335 (1975)
287 N.C. 37
STATE of North Carolina
v.
George VICK.
No. 91.
Supreme Court of North Carolina.
April 14, 1975.
*338 Atty. Gen. Robert Morgan by Asst. Atty. Gen. Lester V. Chalmers, Jr., Raleigh, for the State.
Frazier T. Woolard, Washington, for defendant appellant.
BRANCH, Justice.
Defendant's first assignment of error is as follows:
"The defendant George Vick was denied due process of law in being arrested, tried, convicted, and sentenced to death all within a ten day period."
In support of this assignment of error, defendant argues that he was prejudiced because he was denied a preliminary hearing.
It is well recognized in this jurisdiction that an accused may be properly tried on a bill of indictment without benefit of a preliminary hearing. State v. Foster, 282 N.C. 189, 192 S.E.2d 320; Gasque v. State, 271 N.C. 323, 156 S.E.2d 740; and State v. Overman, 269 N.C. 453, 153 S.E.2d 44.
Defendant also contends by this assignment of error that he was denied due process of law in that he was denied effective assistance of counsel because counsel did not have ample time to investigate, prepare and present his defense.
The rights to assistance of counsel and of confrontation of one's accusers and witnesses are guaranteed by the Sixth Amendment to the Federal Constitution and by Article I, sections 19 and 23 of the North Carolina Constitution. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; State v. Cradle, 281 N.C. 198, 188 S.E.2d 296. It is implicit in these Constitutional guarantees that an accused and his counsel shall have a reasonable time to investigate, prepare and present the defense of the accused. State v. Phillip, 261 N.C. 263, 134 S.E.2d 386; State v. Lane, 258 N.C. 349, 128 S.E.2d 389; State v. Speller, 230 N.C. 345, 53 S.E.2d 294. However, no set length of time for investigation, preparation and presentation of defense is required, and whether defendant is denied due process must be determined upon the basis of the circumstances of each case. State v. Gibson, 229 N.C. 497, 50 S.E.2d 520.
In State v. Gibson, supra, Justice Ervin quoted with approval from United States v. Nierstheimer, 7 Cir., 166 F.2d 87, the following:
"`In a capital case the court should not move so rapidly as to ignore or violate the rights of the defendant to a fair trial. No standard length of time must elapse before a defendant in a capital case should go to trial. Each case, and the facts and circumstances surrounding it, provides its own yardstick. There must not be a mere sham proceeding or idle ceremony of going through the motions of a trial. . . . However, courts do not deny due process just because they act expeditiously. The law's delay is the lament of society. Counsel must not conjure *339 up defenses when there are none. Continuances to investigate and the subpoenaing of witnesses are matters that counsel must consider. If no witnesses are suggested or information furnished that would possibly lead to some material evidence or witnesses, the mere failure to delay in order to investigate would not be, in and of itself, a denial of due process.'"
See also: Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921, reh. den., 377 U.S. 925, 84 S.Ct. 1218, 12 L.Ed.2d 217; Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Lewis v. Territory of Hawaii, 9 Cir., 210 F.2d 552; Barber v. United States, 4 Cir., 142 F.2d 805; State v. Hedgebeth, 228 N.C. 259, 45 S.E.2d 563, cert. den., 334 U.S. 806, 68 S.Ct. 1185, 92 L.Ed. 1739.
The defendant was charged with rape in the case of State v. Whitfield, 206 N.C. 696, 175 S.E.2d 93. His case was called for trial two days after counsel was assigned for defense and twenty-two days after the crime was allegedly committed. Defense counsel moved for a continuance in order to prepare for trial. The Motion was denied. The jury returned a verdict of guilty of rape, and the defendant was sentenced to death. On appeal the defendant assigned as error the denial of his Motion to Continue. This Court found no error in the trial, and Chief Justice Stacy, speaking for the Court, in part, stated:
"In the instant case, the alleged crime was committed on 3 October; the prisoner was apprehended about a week later, and duly indicted at the October Term of court; he was arraigned on 23 October, and counsel appointed to represent him; his trial was set for 25 October. The facts were simple and the controversy reduced itself to a question of veracity between the prosecuting witness and the prisoner. There were no other witnesses to the crime. We cannot say, as a matter of law, that in ruling the defendant to trial, the court took from him his constitutional right of confrontation. . ."
Here the record does not disclose that counsel for defendant moved for a continuance or suggested to the court that a continuance might result in the production of exculpatory evidence or would permit him to prepare and present a more adequate defense.
Under these circumstances we do not think that the trial judge's failure to, ex mero motu, grant defendant additional time was error.
Defendant, without citation of authority, assigns as error the failure of the trial judge to give cautionary instructions regarding the credibility of the prosecuting witness.
The proper instruction as to how the jury should consider the testimony of an "interested" witness is that the jury should scrutinize the testimony of an "interested" party in light of his interest in the outcome of the action, but if after such scrutiny the jury believes the witness has told the truth, it should give his testimony the same weight as it would give to any other credible witness. State v. Turner, 253 N.C. 37, 116 S.E.2d 194; State v. Holland, 216 N.C. 610, 6 S.E.2d 217; State v. Ray, 195 N.C. 619, 143 S.E. 143; State v. Green, 187 N.C. 466, 122 S.E. 178.
We need not decide whether this prosecuting witness is an "interested" witness since an instruction to scrutinize the testimony of a witness on the ground of interest or bias is a subordinate feature of the case which does not require the trial judge to give the cautionary instruction unless there is a request for such instruction. State v. Vance, 277 N.C. 345, 177 S.E.2d 389; State v. Brinson, 277 N.C. 286, 177 S.E.2d 398; State v. Roux, 266 N.C. 555, 146 S.E.2d 654; State v. Andrews, 246 N.C. 561, 99 S.E.2d 745; State v. Sauls, 190 N.C. 810, 130 S.E. 848; State v. O'Neal, 187 N.C. 22, 120 S.E. 817.
*340 In the instant case defense counsel did not request cautionary instruction. We think it proper to here note that Judge Fountain fully charged the jury on every substantial feature of the case, defined and applied the law to the facts, and fairly stated the contentions of both defendant and the State. We are unable to find error prejudicial to defendant in this assignment of error.
Defendant contends that the trial judge erred by failing to submit to the jury lesser included offenses of the crime of rape.
The necessity for submitting to the jury a lesser included offense of the one charged arises only when there is evidence to support the included crime of lesser degree. State v. Watson, 283 N.C. 383, 196 S.E.2d 212; State v. Bryant, 280 N.C. 551, 187 S.E.2d 111; State v. Carnes, 279 N.C. 549, 184 S.E.2d 235; State v. Murry, 277 N.C. 197, 176 S.E.2d 738; and State v. McNeil, 277 N.C. 162, 176 S.E.2d 732.
In State v. Bryant, supra, the defendant was charged with rape. All the evidence disclosed completed acts of intercourse. The prosecuting witness testified that the acts of intercourse were against her will and were accomplished by force and the threat of the use of a deadly weapon. The defendant admitted having intercourse with the prosecuting witness but contended that the acts were with her consent. The defendant objected to the trial judge's failure to submit the lesser included offense of assault with intent to commit rape. This Court in overruling this assignment of error stated:
"The defendant's objection to the court's failure to submit assault with intent or assault on a female is not sustained. The court's instruction in this case harmonizes with the well established rule that in order to submit a lesser included offense there must be evidence of that lesser offense. `The presence of such evidence is the determinative factor.'"
Similarly in State v. Arnold, 284 N.C. 41, 199 S.E.2d 423, all of the evidence revealed a completed act of sexual intercourse. The actual dispute related only to whether the act of intercourse was by consent or as a result of force or coercion.
There, this Court found no error in the failure of the trial judge to instruct the jury that they might find the defendant guilty of a lesser included offense.
In instant case, as in Bryant and Arnold, all the evidence shows a completed act of intercourse and a factual dispute as to whether the act was with the consent of the prosecuting witness or resulted from the defendant's use of force and coercion.
We are unable to distinguish instant case from Bryant and Arnold, and by virtue of the holdings in Bryant and Arnold this assignment of error is overruled.
Defendant's contention that the imposition of the death sentence in this case constituted cruel and unusual punishment prohibited by the Eighth Amendment to the United States Constitution has been consistently rejected by this Court in the recent cases of State v. Noell, 284 N.C. 670, 202 S.E.2d 750; State v. Jarrette, 284 N.C. 625, 202 S.E.2d 721; State v. Waddell, 282 N.C. 431, 194 S.E.2d 19. We reaffirm the holdings in these cases.
Defendant contends that the trial judge erred in a ruling on the admission of evidence offered through Mrs. Doris Ball.
Mrs. Ball, who was called as a defense witness, testified that she and her husband were friendly with the Vicks and the Hardings and that the three couples had visited socially in the Vick trailer about a week before the alleged rape occurred. During her direct examination by defense counsel, the following occurred:
"Q. Has George Vick ever made any passes at you? OBJECTION SUSTAINED. EXCEPTION NO. 2"
*341 The record does not disclose what the witness would have said had she been permitted to answer the question.
The burden is upon the defendant to show prejudicial error, and we cannot know whether the trial judge's ruling is prejudicial without knowledge of what the witness would have said had she been permitted to answer. State v. Kirby, 276 N.C. 123, 171 S.E.2d 416; State v. Peeden, 253 N.C. 562, 117 S.E.2d 398; State v. Jones, 249 N.C. 134, 105 S.E.2d 513. Further, it is difficult to perceive how any responsive answer to this question could have been relevant.
We hold that Judge Fountain correctly sustained the State's objection.
Defendant argues that Judge Fountain erred when he allowed the State to recall Shirley Harding as a rebuttal witness.
It is within the discretion of the trial judge to permit a party to introduce additional evidence after he has rested. This is so even after the jury has begun its deliberations. State v. Shutt, 279 N.C. 689, 185 S.E.2d 206; State v. Jackson, 265 N.C. 558, 144 S.E.2d 584; State v. Coffey, 255 N.C. 293, 121 S.E.2d 736.
There is nothing in this record to show that defense counsel moved for a continuance on the ground that he was taken by surprise by the additional evidence or that he was precluded from offering evidence in rebuttal.
Judge Fountain properly exercised his discretionary power in allowing the State to recall the prosecuting witness.
Finally, defendant contends that the trial judge erred in refusing to set aside the verdict of the jury as being contrary to the greater weight of the evidence. This motion is addressed to the discretion of the trial judge and is not reviewable on appeal. State v. Davis, 282 N.C. 107, 191 S.E.2d 664; State v. Moore, 279 N.C. 455, 183 S.E.2d 546; State v. Henderson, 276 N.C. 430, 173 S.E.2d 291; State v. Bridgers, 267 N.C. 121, 147 S.E.2d 555.
The function of this Court is to determine whether errors were committed at trial. Even though this record discloses that defendant was apprehended, found to be an indigent, indicted by the grand jury of Beaufort County, arraigned, tried and sentenced to death within twelve days of the date of the alleged crime, our careful examination of this entire record does not disclose such prejudicial error as to warrant a new trial. Nevertheless, we are compelled to note the rather unusual tactics of defense counsel. For example, without moving for a continuance, he advances as his principal Assignment of Error the contention that he did not have ample time to prepare his client's defense.
If defendant deems himself entitled to further relief, a proceeding in the Superior Court under the provisions of Article 22 of Chapter 15 of the General Statutes is the proper mode for original determination of whether he has been denied the right of effective assistance of counsel. State v. Wheeler, 249 N.C. 187, 142 S.E.2d 687. If he elects to so proceed, the Superior Court will, of course, appoint other counsel for this indigent defendant.
No error.
COPELAND and EXUM did not participate in the hearing or decision of this case.
SHARP, Chief Justice (dissenting).
For the reasons stated by Chief Justice Bobbitt in his dissent in State v. Bryant, 280 N.C. 551, 559, 187 S.E.2d 111, 116 (1972), and State v. Arnold, 284 N.C. 41, 52, 199 S.E.2d 423, 430 (1973) (opinions in which I concurred), I would award a new trial on account of the court's failure to submit assault with intent to commit rape as a possible verdict. However, since the majority find no error in the trial below, for the reasons stated in my dissenting opinion in *342 State v. Williams, 286 N.C. 422, 434, 212 S.E.2d 113 (1975), I dissent as to the death sentence and vote to remand for the imposition of a sentence of life imprisonment.