STATE OF NORTH CAROLINA v. ALLEN D. HELMS

No. 7530SC306

(Filed 16 July 1975)

1. **Indictment and Warrant § 12—amendment of warrant — change in date of offense**
   The trial court did not err in permitting the State to amend an indictment charging possession of marijuana with intent to sell and sale of marijuana by changing the date of the offenses from 31 January 1974 to 29 January 1974.

2. **Constitutional Law § 30— preindictment delay — due process**
   Defendant was not denied due process by an eight-month delay between offenses of possession of marijuana with intent to sell and sale of marijuana and indictment of defendant for those offenses.

3. **Criminal Law § 117— instructions — scrutiny of witness's testimony — absence of request**

> The trial court did not err in failing to instruct the jury to scruti-. nize the testimony of·an informer who testified for the State absent a request by defendant for such an instruction.

APPEAL by defendant from *Thornburg, Judge.* Judgments entered 5 December 1974 in Superior Court, JACKSON County. Heard in the Court of Appeals 12 June 1975.

On 30 September 1974, indictment No. 74-2727 was returned by the grand jury charging that (1) on 31 January 1974 defendant did unlawfully sell and deliver to Tom Boyles more than five grams of marijuana and (2) on 31 January 1974 defendant did unlawfully possess more than five grams of marijuana with the intent to sell and deliver same. A second indictment, No. 74-2728, was returned on 30 September 1974 charging that (1) on 18 January 1974 defendant did unlawfully sell and deliver to Tom Boyles more than five grams of marijuana and (2) on 18 January 1974 defendant did unlawfully possess more than five grams of marijuana with the intent to sell and deliver same. (At trial, indictment No. 74-2727 was amended to read 29 January 1974.)

The case was tried in the Superior Court of Jackson County at the 2 December 1974 Session. By motion dated 4 December 1974, defendant asked that the court dismiss the indictments on the grounds that he had been irrevocably prejudiced by the State's delay in commencing the prosecution. In an affidavit supporting his motion, defendant stated that he could not prepare a proper defense because he had no way of knowing where he was or whom he was with on the dates when the alleged offenses were committed.

In the hearing on the motion, Agent James T. Maxey testified that charges against defendant resulted as part of an eight month drug investigation at Western Carolina University. The investigation commenced in January 1974 and ended in August and September of 1974. Defendant's was only one of thirty or forty cases which resulted. Agent Maxey further testified that the identity of the informer would have been revealed if the evidence against defendant had been presented to a grand jury at an earlier date.

Assistant District Attorney John Snow testified that the delays in securing the indictments were not meant to gain any

advantage for the State but were solely for the purpose of bring-ing the investigations to a conclusion without revealing the identity of the informants.

The trial judge found that "although earlier date of charge would have made easier the preparation of a defense to the charge lodged against the defendant, it is clear that the State delayed issuance of the bill of indictment or the initiation of a charge for the purpose of bringing to a successful conclusion a massive effort to curtail or possibly destroy the illegal dis-tribution of controlled substances in the Western Carolina Col-lege area;". Defendant's motion to dismiss was denied.

At trial, State's evidence tended to show the following facts. On 18 January 1974 Thomas Boyles was introduced to Helms, and upon invitation he entered Helms' trailer. At that time, he purchased some marijuana from Helms for $20.00. Boyles was accompanied by two men, one of whom he learned to be Helms' roommate. On 29 January 1974, Boyles purchased another bag of marijuana at defendant's trailer. State's evidence also tended to show a complete chain of custody of the substances purchased. Based on his chemical analysis, Jerry M. Dismukes, a chemist at the State Bureau of Investigation, identified the substances as marijuana.

Defendant denied that he sold marijuana to Boyles on 18 January 1974 and 29 January 1974. He testified that he did not remember where he was or what he did on those dates.

In Case No. 74CR2727, the jury found defendant guilty as charged, and judgment was imposed sentencing defendant to a term of imprisonment for not less than three nor more than five years. In Case No. 74CR2728, defendant was also found guilty as charged and judgment was imposed sentencing defend-ant to imprisonment for a term of years with execution of the sentence suspended upon compliance with specified conditions.

Defendant appealed.

*Attorney General Edmisten, by Associate Attorney Robert P. Gruber, for the State.*

*Holt, Haire & Bridgers, by W. Paul Holt, Jr., and Ben O. Bridgers, for defendant appellant.*

MARTIN, Judge.

[1] In open court, over the objection of defendant, the State was permitted to amend bill of indictment No. 74-2727 by changing the date of the offense as alleged therein from 31 January. 1974 to 29 January 1974. Suffice to say that we find no error in this regard and defendant's first assignment of error is overruled.

Defendant also assigns as error the denial of his motion to dismiss due to the delay in bringing charges against him. It is contended that the delay violated due process guaranties and his right to a speedy trial.

[2] As in *State v. Hackett*, 26 N.C. App. 239, 215 S.E. 2d 832 (1975), the present case does not involve defendant's Sixth Amendment right to a speedy trial because this provision has no application until defendant is accused, either by indictment, information, or arrest. The legal effect of the preindictment delay must be judged by the due process clause of the Fourteenth Amendment.

Since most of the cases cited by defendant are treated in *State v. Hackett, supra*, further discussion of them is unnecessary. In our opinion, the preindictment delay in the present case did not deprive defendant of due process of law.

[3] In his fourth assignment of error, defendant contends that the court committed error by failing to instruct the jury to scrutinize the testimony of an informer who testified for the State. It is submitted that such instruction was necessary, regardless of any request by defendant. We disagree. An instruction to scrutinize the testimony of a witness on the ground of interest or bias is a subordinate feature of the case which does not require the trial judge to give the cautionary instruction unless there is a request for such instruction. *State v. Vick*, 287 N.C. 37, 213 S.E. 2d 335 (1975).

We have carefully reviewed defendant's remaining assignments of error and find them without merit.

No prejudicial error appears in the trial.

No error.

Judges BRITT and HEDRICK concur.