John Bernice VESTER, Petitioner,

v.

L. V. STEPHENSON and the State of North Carolina, Respondents.

No. 78–460–HC.

United States District Court, E. D. North Carolina, Raleigh Division.

Dec. 14, 1978.

John B. Vester, pro se.

Richard N. League, Asst. Atty. Gen., North Carolina Dept. of Justice, Raleigh, N. C., for respondents.

## ORDER

DUPREE, District Judge.

Petitioner, a state court prisoner, brings this action pursuant to 28 U.S.C. § 2254 alleging the violation of various constitutional rights. Specifically, he contends that he was: (a) denied the effective assistance of counsel; (b) denied defense witnesses; (c) convicted on perjured evidence through the state's witnesses; (d) not given his right to allocution; (e) not given a presentence hearing; (f) not advised of the proper procedure for filing an appeal or the applicable time limitations; (g) denied the right to appeal; and (h) prejudiced by the jury having been informed of his past convictions in open court.

The respondents have moved to dismiss for failure to exhaust state remedies and for failure to state claims upon which relief could be granted. Petitioner has, in turn, moved for an entry of default stating that the respondents did not reply within the requisite period. He also responded to their motion to dismiss.

Petitioner's request for a default judgment is denied because the state's answer and motion to dismiss were filed on October 30, 1978. Under F.R.Civ.P. 5(e), the use of the mails for service extends the forty-day answer period an additional three days. Therefore, respondents had until October 31, 1978 to answer and they are not in default.

Moving to the state's motion to dismiss, its exhaustion argument raises an issue of first impression due to North Carolina's newly enacted post-conviction relief procedure, N.C.G.S. §§ 15A–1411 to 1422. These sections are applicable to petitioner's case because, as noted in Session Laws 1977, c. 711, s. 39, the Act becomes effective on July 1, 1978, and applies "to all matters addressed by its provisions without regard to when a defendant's guilt was established or when judgment was entered against him . . . ."

Respondents argue that petitioner's contentions (a), (b), (f), (g) and (h) are matters outside the trial record and should be raised for exhaustion purposes through collateral state proceedings. As to his contentions (c), (d) and (e), these are items which should have been objected to at trial and, under *State v. White,* 274 N.C. 220, 162 S.E.2d 473 (1968), and *State v. Vick,* 287 N.C. 37, 313 S.E.2d 335 (1975), would have been unreviewable in post-conviction proceedings, thereby excusing federal exhaustion requirements.

An examination of N.C.G.S. §§ 15A–1411, *et seq.,* in terms of its official comments, reveals a far more refined state procedure for handling post-conviction challenges than heretofore existed. The items which traditionally could have been raised in collateral proceedings are now cognizable under Sections 15A–1414 and 1415. A significant change in previously unreviewable errors appears to have been wrought through Section 15A–1415 read in conjunction with Sections 1418 and 1419, and the official com-

ments further indicate that the *White* and *Vick* cases, *supra,* may have been overruled to the extent they foreclose review of belatedly raised issues. Section 1415 has a long yet not exhaustive list of grounds for relief, and the commentary indicates that the motion will be reviewed on its merits unless there has been a "previous assertion of the error" or "opportunity to assert the error" by motion or appeal. Finally, Section 1419(b) always allows the superior court to exercise discretion in rehearing a previously raised issue "in the interest of justice and for good cause shown" if otherwise meritorious.

Therefore, not only are collateral attacks proper under Section 1415, but there now exists the possibility that an unappealed error can be reviewed by the state courts when good cause is shown. *See generally* Corbett, *Post-Trial Motions and Appeals,* 14 Wake Forest Law Review 997 (1978). Taking Mr. Vester's contentions as true, alleged violations (a), (b), (f), (g) and (h) are clearly cognizable under Section 1415 and must be presented to the state courts to satisfy the federal exhaustion requirements. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Allegations (c), (d) and (e) also appear cognizable under Section 1415, if petitioner can establish good cause for failing to have raised them on appeal. The section's official commentary even notes an exception to the "previous opportunity" bar when a defendant has been deprived of the right to counsel. By analogy, an ineffective assistance of counsel claim, coupled with an alleged failure to adequately inform petitioner of his appeal right, may show "good cause" within the meaning of Section 1419(b). The quality of Mr. Vester's filings in this court indicate he will be an effective advocate on his own behalf.[1]

Other important factors in this result are the constitutional principles of federalism and comity. These concepts dictate that the state courts should have the first opportunity to review constitutional challenges to state convictions. *Preiser v. Ro-*

*driguez, supra.* North Carolina's institution of a new system of post-conviction review reaffirms its desire to review and correct possible criminal trial errors. The federal courts welcome such a manifest spirit and will hereafter require all state habeas corpus petitioners to avail themselves of N.C. G.S. §§ 15A–1411 to 1422, or demonstrate that they would not be allowed to pursue their claims in these proceedings, before deeming the exhaustion requirement met. *See* 28 U.S.C. § 2254(b).

Accordingly, respondents' motion is granted and this action is dismissed so petitioner can raise his eight claims before the North Carolina courts.

SO ORDERED.

---

1. His attention is directed particularly to Sections 1420–1422 of Chapter 15A.