STATE v. ERVIN DAVIDSON.

(Filed 29 November, 1916.)

1. Criminal Law—Ill-feeling—Evidence.

Upon trial for an assault upon a woman with intent, etc., evidence of difficulties between the families of the prosecutrix and defendant is too indefinite, and is inadmissible in defendant's behalf, not tending to prove ill-feeling on the part of the prosecutrix.

2. Witnesses—Evidence Impeaching—Contradiciton—Appeal and Error.

Testimony which tends to impeach a witness, and brought out for that purpose, is not held incompetent in this case as contradictory evidence.

3. Court's Discretion—Recalling Witness—Appeal and Error.

Permitting or refusing a party to recall a witness who has testified is in the discretion of the trial judge, and not appealable.

4. Instructions—Omissions—Special Requests—Appeal and Error—Objections and Exceptions.

Exception to an omission of the trial judge to charge that the accused in a criminal action could be found guilty of a less offense, must be to the refusal of the court to give a requested instruction to that effect.

INDICTMENT for an assault with intent to commit rape, tried at April Term, 1916, of RANDOLPH, before *Ferguson, J.*

The defendant pleaded not guilty. The jury returned a verdict of guilty of assault with intent to commit rape.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*W. C. Hammer, Brittain & Brittain for defendant.*

BROWN, J. The testimony of the State tends to prove that the defendant committed the assault charged in the bill upon one Della Rich, a girl 13 years of age, and that he only desisted at the very last moment because an alarm was given and he feared detection.

The testimony of Della Rich tends to prove that she resisted by crying and making an alarm. Her testimony is corroborated by that of another girl, who testifies that she heard cries of Della Rich in the bedroom and gave the alarm that Jack Davidson was coming, whereupon the defendant got up and fled. This testimony is denied out and out by the defendant.

The first exception relates to certain evidence excluded by the court, tending to prove that there was some "hardness and difficulty between the defendant's family and the family of Della Rich." This exception is without merit. It does not tend to prove that there was any ill-feeling between the prosecutrix and the defendant, and is entirely too general in its nature to be relevant.

Exceptions 2, 3, 4, and 5 relate to the admission of testimony tending to contradict the testimony of a witness, Billy Rich. We think this testimony was not offered for the purpose of contradicting any matter which had been brought out only on cross-examination, but was offered to impeach the witness who was introduced by the defendant as to the testimony the witness had given on his examination in chief. The case does not, therefore, come within the principle laid down in *S. v. Roberts*, 81 N. C., 605, and similar cases, which relates to statements of a witness elicited on cross-examination. The other exception to the evidence is without merit. Exception No. 7 is taken to the refusal of the court to permit a witness being recalled and examined. Such exception cannot be sustained. Permitting or refusing a party to reopen his case after he has closed it is a matter resting in the discretion of the trial judge, as also the right to recall a witness. *S. v. Groves,* 119 N. C., 822; *S. v. Jimmerson,* 118 N. C., 1173; *Pain v. Pain,* 80 N. C., 322.

Exception No. 8 relates to the charge of the judge. The judge instructed the jury fully as to the law with regard to an assault with intent to commit rape, but failed to charge the jury that the defendant could be convicted of a crime in lesser degree than the crime charged in the indictment, to wit, simple assault under the statute. The defendant excepted to this omission. The defendant tendered no special requests to charge upon this aspect of the case, and it is therefore no reversible error for the judge to have failed to so charge. *S. v. Groves,. supra; S. v. Varner,* 115 N. C., 744; *Cowles v. Lovin,* 135 N. C., 488.

No error.