### STATE v. FRANK PALMER.

(Filed 20 December, 1919.)

**Criminal Law—Evidence—Accomplice.**

> One charged with the commission of a crime may be convicted upon the direct testimony of his accomplice therein if fully believed by the jury to be true.

INDICTMENT for burning an outhouse and other property belonging to George Palmer, tried before *McElroy, J.,* at February Term, 1919, of HAYWOOD.

Appeal by defendant.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*John M. Queen, G. S. Ferguson, G. S. Ferguson, Jr., and J. Bat Smathers for defendant.*

PER CURIAM. The defendant, Frank Palmer, was charged with the burning of a certain outhouse, hay and corn, the property of George Palmer. Will Palmer and Mrs. J. F. Palmer were indicted with him.

Will Palmer submitted to a verdict of guilty to an attempt to burn, and Mrs. Palmer was acquitted.

There are nine exceptions in the record; seven of them are directed to the exclusion or admission of testimony; the other two are directed to alleged errors in the charge. We have given careful examination to each one and find them to be without merit, and think that they do not require discussion.

The State's evidence against Frank Palmer was amply sufficient, if believed by the jury, to justify conviction. Will Palmer testified directly to the guilt of himself and Frank Palmer. It is true that Will Palmer is an accomplice, but the evidence of an accomplice, if fully believed by the jury, is sufficient to sustain conviction. *S. v. Haney,* 19 N. C., 390. In this case, however, the accomplice, as corroborated by the testimony of his mother, as well as by the actions of the bloodhounds put upon the trail of the defendant. The testimony of Will Palmer is fully set out in the record, and is very clear and circumstantial. The motion for a new trial on the ground of newly discovered evidence must be denied.

No error.