## STATE v. W. N. O'NEAL.

(Filed 22 January, 1924.)

**1. Criminal Law—Intoxicating Liquor—Witnesses—Defendants—Constitutional Law—Incrimination.**

A defendant in a criminal action by becoming a witness in his own behalf, acknowledges the right of the prosecution to test his credibility, and waives his constitutional privilege not to answer questions tending to incriminate him or to prove the specific offense with which he is charged.

**2. Same—Cross-Examination.**

Where upon denial of the criminal offense of the unlawful sale of spirituous liquor, the defendant takes the stand as a witness in his own behalf, he may be cross-examined as to any circumstance of probative value to show his opportunity for the manufacture and possession of the intoxicating liquor.

**3. Same—Evidence—Character.**

Where the defendant's witness has testified as to the defendant's general character in a criminal action for the unlawful sale of intoxicating liquors that he had heard the defendant's character discussed by blockaders, etc., upon the trial of others for a like offense, it is incompetent for the defendant to show by this witness that the defendant had been active to destroy the liquor business in this locality, as an attempt to show a particular trait of character on a matter of general reputation, though the witness of his own volition may have so qualified his testimony as to general reputation.

**4. Criminal Law — Intoxicating Liquor — Witnesses — Detectives — Interest—Instructions—Special Requests for Instructions—Appeal and Error—Objections and Exceptions.**

In the absence of a special request for instruction it is not reversible error under C. S. 564, for the trial judge to have failed to instruct the jury that they should scrutinize the testimony of detectives who were paid to secure evidence to convict the defendant, the same being as to subordinate and not substantive features of the evidence in the case.

CRIMINAL ACTION tried by *Cranmer, J.,* at March Term, 1923, of WAKE.

The defendant was convicted of the unlawful sale of spirituous liquor, and from the judgment he appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Womble & Dodgen, Johnson & McMahon, and Bart M. Gatling for defendant.*

ADAMS, J. As a witness for the State W. E. Nicholson testified that he was a detective employed to discover and report breaches of the

prohibition law; that on 18 January, 1923, he went to the defendant's home to purchase liquor and the defendant said he had none then but had bought and mashed fifty-eight crates of grapes and would notify the witness when he had "made the run"; that soon thereafter he told the witness he had brandy in kegs, and two days later sold him three half-gallon jars of it at the price of thirty dollars. The witness further testified that he had previously bought from the defendant four and a half gallons of corn whiskey. He was corroborated by his brother S. O. Nicholson.

The defendant, testifying in his own behalf, excepted to evidence brought out by the State on his cross-examination tending to show that officers had searched his premises two or three times within the two years next preceding and had found there two stills and a quantity of beer. We think the evidence excepted to was properly admitted.

Whenever the defendant in a criminal action voluntarily testifies in his own defense he assumes the position of a witness and subjects himself to all the disadvantages of that position. In doing so he acknowledges the right of the prosecution to test his credibility and he waives his constitutional privilege not to answer questions which tend to incriminate him or to prove the specific offense with which he is charged. *S. v. Efler,* 85 N. C., 585; *S. v. Allen,* 107 N. C., 805; *S. v. Simonds,* 154 N. C., 198.

The defendant denied the alleged sale and said that he had never seen either of the Nicholsons before the trial. The traverse raised a plain issue of fact and it was clearly the right of the State by the cross-examination to elicit any circumstances of probative value tending reasonably to show the defendant's opportunity for the manufacture and possession of whiskey or brandy. It is a familiar principle that whenever the doing of an act by a particular person is material or relevant such person's opportunity to do the act also is relevant, and it is not necessary to show that his opportunity was exclusive. Wigmore on Evidence, sec. 131. The defendant disclaimed responsibility for the beer and the stills, it is true, but the credibility of his testimony was a matter for the jury.

After Dennis Davis, a witness for the defense, had testified to the good character of the defendant, the defendant's counsel asked him these questions:

"Q. You say you have only heard his character discussed by blockaders and people of that character? A. 'Yes.'

"Q. Why do you make that statement? A. 'Over in Granville they convicted fifteen men at a time of blockading and I heard his name mentioned then.'

"Q. Do you know anything about his (defendant's) activities in that section trying to destroy the liquor business? Objection by State; sustained; exception.

"The witness would have stated that the defendant had reported blockaders and furnished evidence against them to the officers."

The admission of the excluded evidence would have violated the principle that the party offering a witness may not evoke single instances or particular circumstances to prove such party's general character. A witness may not be examined as to any particular trait of character on a matter of general reputation, although of his own motion he may qualify a general statement, and "in no case either on direct examination or on cross-examination can a witness be asked to testify to particular acts." *S. v. Melton,* 166 N. C., 442. See, also, *S. v. Pearson,* 181 N. C., 588; *S. v. Neville,* 175 N. C., 731, 735; *S. v. Hairston,* 121 N. C., 579.

The principal witnesses for the State were W. E. Nicholson and S. O. Nicholson, who admitted that they were detectives employed and paid to get evidence against persons unlawfully dealing in liquor. The defendant contends that as his Honor instructed the jury to scrutinize the testimony of the defendant and his relatives, he should have given a similar instruction with regard to the testimony of the detectives. If the defendant had submitted a written request for it such instruction should have been given (*S. v. Black,* 121 N. C., 578), but he admits he did not do so; and the question is whether in the absence of such request the failure to give such instruction constitutes reversible error. In *S. v. Smith,* 183 N. C., 725, 729, there is an intimation that such request is essential; and in *S. v. Boynton,* 155 N. C., 457, 464, concerning the defendant's prayer that the testimony of a detective should be scrutinized with unusual caution the Court said: "These prayers have been upheld and almost in this exact language by courts of approved authority, but usually there were facts *ultra* tending to impeach the testimony of the witness, and in one of them, certainly, the detective was shown to have a pecuniary interest in the result of the verdict; and it was no doubt in reference to these facts that the prayer was approved, and not with a view of establishing any hard and fast formula as to the evidence of detectives."

The statute, it is true, requires the judge plainly and correctly to state the evidence and to declare and explain the law arising thereon (C. S., 564), and this requirement has been construed as implying that on all the substantive features of a case a correct charge must be given without regard to a special prayer, but as to subordinate features or particular phases of the evidence a litigant who desires special explanation should make proper request for appropriate instructions. *S. v.*

*Thomas,* 184 N. C., 757; *S. v. Merrick,* 171 N. C., 795; *S. v. Davidson,* 172 N. C., 944; *S. v. Fulford,* 124 N. C., 798; *S. v. Groves,* 119 N. C., 822; *S. v. Varner,* 115 N. C., 745; *S. v. Bailey,* 100 N. C., 528.

Instruction to scrutinize the testimony of a witness on the ground of interest or bias is a subordinate and not a substantive feature of the trial, and the judge's failure to caution the jury with respect to the prejudice, partiality, or inclination of a witness will not generally be held for reversible error unless there be a request for such instruction. See *S. v. Holland,* 83 N. C., 624. The principle controlling the decision in *Real Estate v. Moser,* 175 N. C., 259, and in *Butler v. Mfg. Co.,* 182 N. C., 547 is distinguishable from that which is applicable to the exception under discussion.

Upon a review of the record we find

No error.