### STATE v. HARRISON SHEW.

(Filed 12 December, 1928.)

**Criminal Law—Evidence—Testimony of Convicts, Accomplices or Co-defendants—Requests for Instructions.**

While it is a rule of law that the evidence of a witness who is confined upon the roads for a criminal offense should be received with certain caution, the failure of the judge to so charge the jury will not be held for error in the absence of a request for instructions by the appellant to that effect.

APPEAL by defendant from *Schenck, J.,* and a jury, at March Term, 1928, of WILKES. No error.

Defendant was convicted for receiving a stolen Ford touring car knowing it to have been stolen. From the judgment he appealed to the Supreme Court, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*J. Hubert Whicker and Trivette & Comer for defendant.*

STATE *v.* ASHE.

PER CURIAM. Did his Honor err in permitting Harvey Campbell, who was serving a term in the State's penitentiary for stealing automobiles to testify against the defendant, without charging the jury that the jury should scrutinize the testimony of said Campbell? We think not.

Defendant asked no prayer on the subject, it is ordinarily not incumbent on the court to charge without a request. *S. v. O'Neal,* 187 N. C., 22.

It is well settled in this jurisdiction that the uncorroborated testimony of an accomplice should be received with caution, yet there is no rule of law forbidding a conviction on his evidence alone. *S. v. Ashburn,* 187 N. C., at p. 728.

The testimony of W. W. Ashburn was positive as to the ownership of the stolen car—"that he knew that this car belonged to Miss Ora L. Beam."

We can find no error in the record.