## STATE v. FLEET JACK WALL.

(Filed 11 December, 1940.)

**1. Homicide § 25—Evidence of defendant's guilt of murder in the first degree held sufficient for jury.**

The evidence tended to show that defendant discovered circumstances causing him to suspect his wife of being unfaithful, that an argument ensued, that four days later defendant took his wife across a field and into the woods, that shortly thereafter he went to a neighbor's house and told him that he had killed his wife and took the neighbor to the scene where the body of the deceased was found, that upon investigation by officers of the law, defendant stated he killed his wife and that her body was in the woods, that the officers found the body upon which mortal wounds had been inflicted, and that defendant admitted the killing and outlined the circumstances thereof. Defendant testified that he had been drinking several days prior to the homicide and that he did not remember killing his wife or making any statement to the officers. *Held:* The evidence favorable to the State required the submission of the question of defendant's guilt of murder in the first degree to the jury, and defendant's motions to nonsuit were properly overruled.

**2. Criminal Law § 81c—**

Defendant's exception to the exclusion of evidence which is immaterial cannot be sustained.

**3. Same—**

Defendant's exception to the exclusion of testimony which is mere repetition cannot be sustained.

**4. Same—**

Defendant's exception to the exclusion of testimony when the record fails to disclose what the answer of the witness would have been had he been permitted to testify cannot be sustained.

**5. Homicide § 27h—**

The court's charge on defendant's defense of intoxication to an extent precluding premeditation and deliberation, *held* without error.

**6. Homicide §§ 11, 27f—**

Defendant testified that he remembered sending his wife for a jar of whiskey and that the last thing he remembered was seeing her standing with a jar in her hand. Defendant did not contend that she actually committed an assault upon him. *Held:* The evidence does not present the question of self-defense, and does not require the court to charge the jury upon the law in respect thereto.

**7. Criminal Law § 53b—**

In this prosecution for homicide the State relied principally upon direct evidence, and as to the actual homicide relied mainly upon statements made by defendant, and relied upon circumstantial evidence only to a small extent in making out its case against defendant. *Held:* Upon the record it was not the duty of the court to charge upon the law of circumstantial evidence.

APPEAL by defendant from *Clement, J.,* at April Term, 1940, of ANSON. No error.

Criminal prosecution on bill of indictment charging the defendant with the murder of his wife, one Laura Mae Wall.

On Tuesday, 5 March, 1940, which was the Tuesday preceding the homicide on Saturday, 9 March, the defendant went into the woods to find his cow. As he returned home he saw a man going from his house into the woods. He went into the house and found his wife making up a single bed which appeared to have been used and he found other evidence which caused him to conclude that his wife had been unfaithful. He asked her why the bed was torn up, why she was looking so funny and about the other evidence. After some talk, or argument, he told her that the best thing for her to do was to get her clothes and go to her mother until "I get over my mad spell," and gave her the money to go. On Saturday he asked her why she did not go and she replied that she was not going. He said to her, "You are going," and she replied, "I will not." He then asked her to tell who the man was. This she refused to do. He then stated to her, "I am going to make you tell," and took her across the field into the woods. They sat there for some time and talked.

The defendant, about 1 o'clock on Saturday, went to a neighbor's house and told him that he had killed his wife and asked him to go back with him to the scene. They went back and the witness saw the body of the deceased. That night, acting on information, officers went to investigate. They found the defendant, who told them, "I have killed my wife, she is over yonder in the woods." About 12 o'clock that night the officers found the deceased in the woods approximately 700 yards from the defendant's house. Her head was crushed, her neck broken, her legs were cut, and there were other lacerations and wounds upon her body. She was then dead and her body was stiff. There was also evidence that the defendant admitted the killing and outlined the circumstances thereof, stating that he struck her with a "crosstie scorer"; that when they left the house on Saturday he told his wife to tell her children goodbye—she would not see them any more; and that he was under the influence of intoxicants.

The defendant offered evidence tending to show that after he saw a man leave his house on Tuesday he purchased 5 gallons of liquor and was constantly drinking whiskey and rubbing alcohol, and the two mixed, during the remainder of the week; that he remembered going down in the woods with his wife and that while there, sending her for some more whiskey. He testified that the last thing he remembers is that he saw his wife standing near him in the woods with a jar in her hands. He further testified that he was so drunk that he has no recol-

lection of what occurred thereafter, stating, "The last thing I can remember my wife saying was when she got that jar of liquor and she said for me to stop drinking and said if I would stop she would tell me she had something to do with a man in my house; yes sir, that is the last thing I can remember she was standing up with that jar in her hand. No sir, I don't know a thing in the world about killing her. The next thing I remember is when I was lying on the bed about four or five o'clock in my house." He denied any recollection of having made statements to the officers.

There was a verdict of guilty of murder in the first degree. From judgment of death pronounced thereon the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Banks D. Thomas for defendant, appellant.*

BARNHILL, J. The defendant assigns as error the failure of the court below to grant his motions for judgment as of nonsuit. These exceptions are without merit. The evidence favorable to the State was such as to require its submission to the jury on the charge of murder in the first degree. It fully sustains the verdict returned by the jury.

A number of other assignments of error are directed to the alleged error of the court in excluding testimony. These assignments cannot be sustained. Some of the evidence the defendant sought to develop was immaterial. Some was mere repetition and objection thereto was sustained on that ground. Furthermore, in each instance, the record fails to disclose what the answer of the witness would have been had he been permitted to testify. *Newbern v. Hinton,* 190 N. C., 108, 129 S. E., 181; *S. v. Brewer,* 202 N. C., 187, 162 S. E., 363.

The court in its charge fully and correctly instructed the jury upon defendant's contention that at the time of the homicide he was so drunk that he was unable to premeditate and deliberate or even to recall anything that occurred at the time. The charge was in strict accord with the law as stated in former opinions of this Court. *S. v. Cureton, ante,* 491, and cases there cited. Defendant's exceptive assignments of error based upon excerpts therefrom cannot be sustained.

Defendant further complains that the court failed to charge the law of self-defense. He bases this contention upon his testimony that the last time he remembered seeing the deceased alive was while they were in the woods where she was later found; and that "she was (then) standing up with a jar in her hand." There is nothing in this evidence which even suggests that the defendant struck the deceased in his own necessary defense. Nor does he contend that the deceased actually committed an

assault upon him. He testified that he sent her for a jar of whiskey and that she went for it. It may be assumed, therefore, that he later saw her with the jar in her hand. That alone is not sufficient to sustain a plea of self-defense or to require the trial judge to charge the jury upon the law in respect thereto.

Nor does this record present a case in which it was the duty of the court to charge upon the law of circumstantial evidence. True, it may be said that to some small extent the State relied upon circumstances in making out its case against the defendant. However, primarily it was a case of direct evidence and as to the actual homicide the State relied principally upon the statements of the defendant to the officers and to others on the day of the homicide and thereafter. *S. v. Shew,* 196 N. C., 386, 145 S. E., 679; *S. v. O'Neal,* 187 N. C., 22, 120 S. E., 817; *S. v. Ellis,* 203 N. C., 836, 167 S. E., 67.

We have examined the defendant's other exceptive assignments of error. None of them contain sufficient merit to require discussion.

In the trial below we find

No error.