### STATE v. MATTIE BOLDIN.

(Filed 5 June, 1947.)

**Homicide § 7—**

> The evidence tended to show that after an altercation with her husband, defendant got a loaded rifle from another room, went back in the kitchen and shot and killed her unarmed husband as he started back in the house. Defendant testified she pointed the rifle at him and "reckoned" she pulled the trigger, and that she did not know why she shot him. *Held:* An instruction that if the jury should find the facts to be as all the evidence tended to show to return a verdict of guilty of manslaughter, otherwise to acquit defendant, is without error. G. S., 14-34.

APPEAL by defendant from *Williams, J.,* at December Term, 1946, of ORANGE. No error.

The defendant was indicted for the murder of her husband, Willie Boldin. The solicitor announced he would not ask for conviction of murder in the first degree, but of murder in second degree or manslaughter.

The evidence offered by the State tended to show that on Sunday, 17 February, 1946, the deceased returned home from Burlington "about drunk." A quarrel ensued between him and his wife, in the course of which she struck at him with a knife. Deceased took the knife away from her and went out and threw the knife away. The defendant then went in another room and came back into the kitchen with a loaded rifle

and as deceased started back in the house and was in the door she shot him, the bullet entering his body just over the heart and inflicting a wound from which he died shortly thereafter.

The defendant testified that after the deceased took the knife away from her and went out, she went in another room and got the rifle and came back into the kitchen. As he started back in she threw up the rifle and he ran in and took hold of it. She said: "I threw up the rifle and he ran in and grabbed it. I pointed it at him. I reckon I pulled the trigger." When asked why she shot him, she replied, "I don't know." She admitted she was "mad because he was drunk."

The court in his charge to the jury, after reviewing the testimony and stating the contentions of the State and defendant thereon, instructed the jury that there was sufficient evidence to rebut the presumption of malice arising from an intentional killing with a deadly weapon, and that they should not consider verdict of murder in the second degree. Thereupon, after defining manslaughter and pointing out the effect of the unlawful act of pointing a gun at another, the court charged as follows: "There is no evidence that the defendant shot under any reasonable apprehension of receiving death or great bodily harm at the time; there is no evidence that the deceased was armed at the time, and I instruct you that if you find beyond a reasonable doubt the facts to be as all the evidence in this case tends to show, that it would be your duty to return a verdict of guilty of manslaughter; otherwise you would acquit her."

The jury returned verdict of guilty of manslaughter, and from judgment imposing prison sentence the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Horton & Bell and B. D. Sawyer for defendant.*

DEVIN, J. The defendant assigns error in the instructions given by the court to the jury as to manslaughter, on the ground that it eliminated the question of self-defense, but, upon a careful examination of the testimony offered in the trial as shown by the record before us, we agree with the learned judge below that there was no evidence that the fatal shooting was done in self-defense, or that it resulted from accident or misadventure. We think the defendant is unable to escape the implication from her own testimony that she was guilty of manslaughter. She testified that she pointed the rifle at him and "reckoned" she pulled the trigger; and in response to the question why she shot him she replied, "I don't know." *S. v. Stitt,* 146 N. C., 643, 61 S. E., 566; *S. v. Limerick,* 146 N. C., 649, 61 S. E., 568; *S. v. Parker,* 198 N. C., 629, 153 S. E., 260; *S. v. Wall,* 218 N. C., 566, 11 S. E. (2d), 880; G. S., 14-34. "At common law and by Rev., 3632 (now G. S., 14-34), one who points a

loaded gun at another, though without intention of discharging it, if the gun goes off accidentally and kills, it is manslaughter." *S. v. Coble,* 177 N. C., 588, 99 S. E., 339.

None of the exceptions noted by defendant to the ruling of the court as to the admission of testimony can be sustained.

No error.