### STATE v. HAMPTON LEE BRITT.

(Filed 15 January, 1965.)

**Criminal Law § 111—**

An instruction of the court to scrutinize the testimony of defendant and the testimony of defendant's brother-in-law because of their interest, but that if, after such scrutiny, the jury should find that they had told the truth, to give their testimony the same weight as that of a disinterested witness, *held* without error.

APPEAL by defendant from *Carr, J.,* May 1964 Session of ROBESON.

Criminal action in which defendant is charged with an assault with a deadly weapon upon one Frances Chavis, a female. From a conviction and judgment in Recorder's Court, defendant appealed to Superior Court where a trial *de novo* was had.

Plea: Not guilty. Verdict: Guilty.

Judgment: Active prison sentence of 2 years.

*Attorney General Bruton and Assistant Attorney General Sanders for the State.*

*Barrington & Britt for defendant.*

PER CURIAM. Defendant claimed self-defense and testified in his own behalf. His brother-in-law gave testimony tending to support the plea of self-defense.

Defendant excepts to the following excerpt from the charge: "It is your duty to scrutinize their (defendant's and his brother-in-law's) testimony because of their interest in your verdict. If, after doing so, you find that they have told the truth, it will be your duty to give their testimony the same weight as that of a dis-interested witness."

The instruction is not prejudicial. *State v. Faust,* 254 N.C. 101, 113, 118 S.E. 2d 769; *State v. Barnhill,* 186 N.C. 446, 119 S.E. 894. *State v. Turner,* 253 N.C. 37, 116 S.E. 2d 194, is factually distinguishable.

No error.