STATE OF NORTH CAROLINA v. GARY EAKINS

No. 45

(Filed 14 April 1977)

1. Criminal Law § 117— credibility of interested witness — charge not required absent request

An instruction as to the credibility of an interested witness relates to a subordinate feature of the case, and the court is not required to charge thereon absent a request; however, when the trial judge undertakes to instruct on a subordinate feature of a case he must do so accurately and completely.

2. Criminal Law § 117.5— scrutiny of defendant's testimony — proper instruction

It is not error for the trial court to instruct the jury to scrutinize the testimony of a defendant and his relatives in light of their interest in the verdict; however, the jury must also be instructed to the effect that if, after such scrutiny, they believe the testimony it should be given the same weight and credence as the testimony of any witness.

3. Criminal Law § 117.5— scrutiny of defendant's testimony — like instruction about State's witnesses not given — no error

Where the trial court instructed the jury to scrutinize closely the testimony of defendant and those closely related to him, it was not incumbent upon the trial judge, without request, to give a like instruction as to any possible interested witness who testified for the State.

4. Criminal Law § 117.4— alleged accomplices — no instruction to scrutinize testimony — no error

In a first degree murder prosecution where the evidence tended to show that two witnesses were standing by defendant when the shooting occurred and there was some evidence that one of them aided in disposing of the murder weapon, evidence was insufficient to show that the witnesses were accomplices or accessories after the fact, and the trial court therefore did not err in failing to charge the jury to scrutinize carefully the testimony of the witnesses.

APPEAL by defendant from *Rouse, J.*, at the 30 August 1976 Criminal Session of SAMPSON County Superior Court.

Defendant was tried upon a bill of indictment charging him with murder in the first degree. He entered a plea of not guilty.

The State presented evidence which tended to show the following:

In the early morning hours of 2 May 1976 defendant was present at a night spot known as "Raz's Place" which was lo-

cated near Harrells, North Carolina. Shortly after midnight defendant approached Ruth Mae Lamb, a crippled girl, and began to make advances towards her. He left and went outside when a friend of Ruth Mae's walked up. When defendant returned he asked Violet McNeil, who had accompanied Larry Chestnutt to "Raz's Place," to dance with him. She refused and he thereupon threatened to strike her. An argument ensued between defendant and Larry Chestnutt. Violet attempted to get Larry to leave by taking his hand and leading him to the door. As Larry slowly backed towards the door, defendant pulled a sawed-off shotgun from his pants and shot him. Defendant fled.

After the shooting Johnny Beale and Douglas Hall left the scene in a car driven by defendant. Defendant obtained a post-hole digger from his home and, accompanied by Beale and Hall, drove to a secluded spot where he buried a sawed-off shotgun. He threatened to kill Johnny Beale if he told anyone what he had done.

It was stipulated that Larry Chestnutt died as a result of a shotgun wound to the throat.

Defendant testified that he was present at "Raz's Place" when the shooting occurred, but that he had not fired the shot. William Pigford, defendant's nephew, testified that he was standing next to defendant when the shooting took place and that defendant had no part in the shooting. Defendant's wife testified that when defendant came home on the morning of 2 May 1976 he did not behave in an unusual manner. She also stated that defendant had never owned a sawed-off shotgun. Several witnesses testified as to defendant's good character and reputation.

The jury returned a verdict of guilty of murder in the first degree and the trial judge entered judgment imposing a sentence of life imprisonment.

*Attorney General Edmisten, by Assistant Attorney General Elizabeth C. Bunting, for the State.*

*Dale P. Johnson and Charles L. Becton, for defendant.*

BRANCH, Justice.

By his first assignment of error defendant contends that the trial judge erred in charging that the jury should carefully

consider and scrutinize the testimony of defendant and those closely related to him. The portion of the charge questioned by this assignment of error is as follows:

> When you come to consider the evidence and the weight you will give to the testimony of the different witnesses, the Court instructs you that it is your duty to carefully consider and scrutinize the testimony of a defendant when he testifies in his own behalf and also the testimony of those who are closely related to him.
>
> In passing upon the testimony of such witnesses, the jury ought to take into consideration any interest the witness has in the result of the action, but the Court instructs you that the law requiring you to do so does not require you to reject or impeach such evidence and if you believe such witnesses or witness has sworn to the truth, you will give to his or their testimony the same weight you would do that of any disinterested or unbiased witness.

Defendant's position is that the State received the benefit of a favorable charge without any request and that he was left in the position of being required to request a like charge as to any State's witnesses who were interested witnesses.

[1-3] Initially we note that an instruction as to the credibility of an interested witness relates to a subordinate feature of the case and the court is not required to charge thereon absent a request. *State v. Vick,* 287 N.C. 37, 213 S.E. 2d 335. However, when the trial judge undertakes to instruct on a subordinate feature of a case he must do so accurately and completely. *State v. Rainey,* 236 N.C. 738, 74 S.E. 2d 39; *State v. Bridgers,* 233 N.C. 577, 64 S.E. 2d 867. We have approved charges that the jury should scrutinize the testimony of a defendant and his relatives in light of their interest in the verdict. *State v. Gaines,* 283 N.C. 33, 194 S.E. 2d 839; *State v. Britt,* 263 N.C. 535, 139 S.E. 2d 735; *State v. Ellington,* 29 N.C. 61. However, this approval is qualified by the requirement that the jury must also be instructed to the effect that if, after such scrutiny, they believed the testimony it should be given the same weight and credence as the testimony of any witness. *State v. Griffin,* 280 N.C. 142, 185 S.E. 2d 149; *State v. Holland,* 216 N.C. 610, 6 S.E. 2d 217. The instruction here given is in accord with those approved by this Court. Nevertheless, defendant contends that upon giving this subordinate instruction it was incumbent upon

the trial judge, *without request,* to give a like instruction as to any possible interested witness who testified for the State. We do not agree.

In *State v. O'Neal,* 187 N.C. 22, 120 S.E. 817, defendant was convicted of the unlawful sale of spiritous liquor. The principal witnesses for the State were two detectives who were employed and paid to get evidence against persons who were unlawfully dealing in liquor. The defendant contended that since the trial judge instructed the jury to scrutinize the testimony of defendant and his relatives, he should have given a similar instruction in regard to the testimony of the detectives. Defendant admitted that he did not request this instruction. Rejecting the defendant's contention, the Court, speaking through Justice Adams, stated:

Instruction to scrutinize the testimony of a witness on the ground of interest or bias is a subordinate and not a substantive feature of the trial, and the judge's failure to caution the jury with respect to the prejudice, partiality, or inclination of a witness will not generally be held for reversible error unless there be a request for such instructon. . . .

A similar question was presented in *State v. Anderson,* 208 N.C. 771, 182 S.E. 643, where the defendants, among other things, were charged with conspiracy to dynamite certain buildings in Alamance County. In an opinion by Chief Justice Stacy the Court held:

Nor was there error in the court's instruction to the jury that the testimony of the defendants and their near relatives who went upon the stand and testified in their behalf should be scrutinized with care in order to ascertain to what extent, if any, their testimony was warped or biased by their interest, adding, however, that if, after such scrutiny, they believed such witnesses, they would give the same credit to their testimony as if they were disinterested. *S. v. Lee,* 121 N.C., 544, 28 S.E., 552; *S. v. Deal,* 207 N.C., 448, 177 S.E., 332.

Again, the defendants complain because the trial court did not caution the jury, or instruct them, as to how the testimony of detectives and accomplices should be received and considered. *S. v. Palmer,* 178 N.C., 822, 101 S.E., 506.

There was no request for such instruction, and the assignment is without exceptive basis. A similar contention was advanced and rejected in *S. v. O'Neal,* 187 N.C., 22, 120 S.E., 817. A like result must follow here.

The facts in *State v. Sauls,* 190 N.C. 810, 130 S.E. 848, are remarkably similar to those in instant case. We quote from that case:

> The jury were instructed to "scrutinize the evidence of the defendant and that of all his close relatives before accepting it as true," and the defendant excepted because the instruction was not extended and applied to all interested witnesses. The exception must be overruled. . . .

We approved a charge similar to the one herein under consideration in *State v. Vance,* 277 N.C. 345, 177 S.E. 2d 389, and further stated:

> . . . Neither was there prejudicial error in the trial court's failure to give a similar instruction as to possibly interested State's witnesses since defendant did not request such instruction on this subordinate feature of the trial. . . .

We note that there is a split of authority concerning the question presented by this assignment of error. 75 Am. Jur. 2d, Trial § 861. However, our research discloses that the rule enunciated in the line of cases represented by *State v. O'Neal, supra,* is firmly entrenched in this jurisdiction. We do not believe that the requirement that a defendant must request the desired instruction places an unconscionable burden upon him.

Our conclusion that no prejudicial error is made to appear under this assignment of error is strengthened by the following portion of the trial judge's charge:

> When you come to consider the evidence in this case, I charge you that you are the sole judges of the credibility of each witness. You must decide for yourselves whether to believe the testimony of any witness. You may believe all or any part or none of what a witness has said on the stand.

> In determining whether to believe any witness, you should apply the same tests of truthfulness which you apply in your everyday affairs. As applied to this trial, these tests may include the opportunity of the witness to see, hear, know, or remember the facts or occurrences about

which he has testified, the manner and appearance of the witness, any interest, bias or prejudice, the witness may have, the apparent understanding and fairness of the witness and whether his testimony is reasonable and whether his testimony is consistent with other believable evidence in the case.

You are the sole judges of the weight to be given any evidence. By this I mean, if you decide that certain evidence is believable, you must then determine the importance of that evidence in light of all other believable evidence in the case.

In light of the entire charge and particularly the portion above quoted, we do not believe that the jurors could have failed to understand that the question of the credibility of *all* the witnesses was solely for them.

[4] Defendant also directs the same argument contained in his first assignment of error to the testimony of the alleged accomplices Johnny Beale and Douglas Hall.

"The generally accepted test as to whether a witness is an 'accomplice' is whether he himself could have been convicted for the offense charged, either as a principal, or as an aider and abettor, or as an accessory before the fact, and if so, such a witness is an accomplice within the rules relating to accomplice testimony." *State v. Bailey*, 254 N.C. 380, 119 S.E. 2d 165.

The State's evidence tended to show that the witnesses Beale and Hall were standing by defendant when the shooting occurred, and there was some evidence that one of them aided in disposing of the murder weapon.

Mere presence at the scene of a crime does not make one guilty as a principal or as an aider and abettor or as an accessory before the fact. *State v. Aycoth*, 272 N.C. 48, 157 S.E. 2d 655. While the evidence might have permitted a jury to find that the witness Beale was an accessory after the fact, such a finding would not make him subject to the rules relating to accomplice testimony. *State v. Bailey, supra.*

For the reasons herein stated we reject defendant's contention that the trial judge erred when he failed to charge the

jury to carefully scrutinize the testimony of the witnesses Beale and Hall.

Our review of this entire record discloses

No error.