STATE OF NORTH CAROLINA v. RICKY MANFORD CHERRY

No. 802SC945

(Filed 3 March 1981)

1. **Homicide § 21.9– gun discharged into mobile home – sufficiency of evidence of involuntary manslaughter**

    Evidence was sufficient to require submission of involuntary manslaughter to the jury where it tended to show that defendant pointed a rifle at a mobile home and it discharged, killing an occupant therein.

State v. Cherry

**2. Homicide § 27.2– involuntary manslaughter – instructions sufficient**

There was no merit to defendant's contention that the court gave confusing instructions on involuntary manslaughter where the court charged the jury that the State must prove that defendant's act was criminally negligent and that such act proximately caused the victim's death; the court then instructed that, if the jury did not so find or had a reasonable doubt, it would be their duty to return a verdict of not guilty; the court did not err in omitting that the jury need only have a reasonable doubt "as to one or both" of these elements; defendant had judicially stipulated that the bullet, fired from the rifle in his hands, struck the victim in the forehead, causing his death, thereby dispensing with the proximate cause issue; and when the jury returned to seek further instructions, the court included the phrase "as to one or more of these things," thereby clarifying any potential confusion arising from its original charge.

**3. Homicide § 28.8– death by accident or misadventure – improper instructions**

The trial court in a homicide prosecution erred in its instructions on death by accident or misadventure since the court's use of the phrase, "he was using proper precautions to avoid danger," allowed the jury to eliminate death by accident upon a finding that defendant was negligent in the handling of the weapon, the correct rule being that defendant must have been criminally or culpably negligent in the handling of the weapon in order to lose the defense of accidental killing.

APPEAL by defendant from *Brown, Judge.* Judgment entered 24 July 1980 in Superior Court, MARTIN County. Heard in the Court of Appeals 11 February 1981.

Defendant was indicted for murder in the first degree. At trial, the court also submitted to the jury the lesser included offenses of murder in the second degree and involuntary manslaughter.

The evidence disclosed that on 4 January 1980 defendant and David Edmondson had been together most of the day on Edmondson's boat and in his home. They were drinking intoxicating liquors during the day. Later that evening, defendant drove his car to Bobby Wynne's home to get some "hash." Edmondson rode in the right front seat and George Miller and Richard Cunningham were in the back seat. Edmondson had a .22-caliber pistol in his boot, and he placed a loaded 30-30 caliber rifle between himself and defendant, with the barrel on the floor of the car. A bullet was in the chamber, with the hammer forward. Defendant parked the car parallel to the Wynne trailer, with the passenger side of the car closest to the trailer.

Edmondson got out of the car and went into the trailer. Defendant and the other two men remained in the car. While in the trailer Edmondson heard a shot and saw Wynne lying in a puddle of blood. Edmondson pulled his pistol and fired back toward the door of the trailer. He left but defendant's car was gone, so he went toward highway 64. As he neared the highway, defendant came up, stopped his car, and Edmondson got in.

George Miller testified:

While Edmondson was in the trailer, I had no conversation with Cherry other than asking him for a cigarette but he didn't have but one. A few seconds later, I said "I wonder what's holding Nasi-Boy up" and then Ricky Cherry said "I'll fix him" and reached over and picked up the rifle and started raising it up and I said "man, what in the hell you doing?" I said that to him because he looked like he was getting ready to shoot it and I say that because any time you are sitting there and a man picks up a rifle and starts pointing it, you know he's going to mess up.

He was pointing it toward Bobby Wynne's trailer. Not hardly any time, maybe a second, two seconds, passed between this statement that he made and the time he picked up the gun. When I made the statement "what the hell are you doing?" the gun went off and at that time the gun was pointed out the side window toward Bobby Wynne's trailer. After it went off I heard another shot inside the trailer go off so I said "Man, let's get the hell out of here." Cherry said nothing but pulled off and pulled up at Randy Pierce's trailer and Cunningham and I got out. ... With respect to the manner in which Cherry was holding the gun, he leaned over like that and picked it up and twisted around in his seat, like this and shot.

. . . .

... [H]e was holding the gun to shoot it.

Defendant testified that Edmondson had fired the gun earlier that night and that when he (defendant) had the gun, it discharged accidentally.

The jury returned a verdict of guilty of involuntary manslaughter.

State v. Cherry

*Attorney General Edmisten, by Associate Attorney Lisa Shepherd, for the State.*

*Gaylord, Singleton & McNally, by L.W. Gaylord, Jr., and Gurganus & Bowen, by Edgar J. Gurganus, for defendant appellant.*

MARTIN (Harry C.), Judge.

[1]   Defendant argues that the evidence did not support submitting the charge of involuntary manslaughter to the jury. We do not so hold. In *State v. Everhart*, 291 N.C. 700, 231 S.E. 2d 604 (1977), we find:

> Involuntary manslaughter has been defined as the unlawful and unintentional killing of another human being without malice and which proximately results from the commission of an unlawful act not amounting to a felony or not naturally dangerous to human life, or from the commission of some act done in an unlawful or culpably negligent manner, or from the culpable omission to perform some legal duty.

*Id.* at 702, 231 S.E. 2d at 606. In such case, the state must prove that the killing was proximately caused by the defendant's culpably negligent act.

> Culpable negligence in the criminal law requires more than the negligence necessary to sustain a recovery in tort. Rather, for negligence to constitute the basis for the imposition of criminal sanctions, it must be such reckless or careless behavior that the act imports a thoughtless disregard of the consequences of the act or the act shows a heedless indifference to the rights and safety of others. As is stated in 1 Wharton, Criminal Law and Procedure, § 291 at 613 (1957), "There must be negligence of a gross and flagrant character, evincing reckless disregard of human life. ... "

*Id.*

The evidence set out above clearly supports submission of involuntary manslaughter to the jury. *See State v. Foust*, 258 N.C. 453, 128 S.E. 2d 889 (1963). On this charge, the state does not have to prove that defendant intentionally discharged the

weapon. It is sufficient if he recklessly pointed the gun at the mobile home and it discharged, killing Wynne. *See State v. Boldin*, 227 N.C. 594, 42 S.E. 2d 897 (1947). The assignment of error is overruled.

[2] Defendant contends the court gave confusing instructions on involuntary manslaughter. After charging the jury that the state must prove two things, that defendant's act was criminally negligent and that such act proximately caused the victim's death, the court continued: "However, if you do not so find or have a reasonable doubt, it would be your duty to return a verdict of not guilty." Defendant argues that the court erred in omitting that the jury need only have a reasonable doubt "as to one or both" of these elements. Defendant judicially stipulated that the bullet fired from the rifle in the hands of defendant struck Wynne in the forehead, causing his death. The stipulation was made for the purpose of dispensing with proof of cause of death, and the state did not present any medical evidence as to this fact question. Such a stipulation is a judicial admission of the fact stipulated and requires no further proof. 2 Stansbury's N.C. Evidence § 171 (Brandis rev. 1973). Having earlier dispensed with the proximate cause issue, it is apparent that the state was required to prove only the criminal negligence element. Additionally, when the jury returned to seek further instructions, the court included the phrase "as to one or more of these things," thereby clarifying any potential confusion arising from the original charge. No prejudicial error appears in that portion of the charge assigned as error.

[3] Last, defendant contends the court erred in its instruction on death by accident or misadventure. The court instructed the jury:

> Now, Members of the Jury, bearing in mind that the burden of proof rests upon the State to establish the guilt of Ricky Manford Cherry beyond a reasonable doubt, I charge that, if you find from the evidence that the killing of the deceased was accidental, that is that Robert Warren Wynne's death was brought about by an unusual or unexpected event from a known cause, and you also find that the killing of the deceased was unintentional, that at the time of the homicide the defendant was engaged in the performance of a lawful act without any intention to do harm, and at the

State v. Cherry

time, he was using proper precautions to avoid danger, if you find those to be the facts, remembering that the burden is upon the State, then I charge you that the killing of the deceased by a homicide was a homicide by misadventure and, if you so find, it would be your duty to render a verdict of not guilty as to this defendant.[1]

Defendant's argument is that the phrase "he was using proper precautions to avoid danger" allowed the jury to eliminate death by accident upon a finding that defendant was negligent in the handling of the weapon. The correct rule is that defendant must have been *criminally* or *culpably* negligent in the handling of the weapon in order to lose the defense of accidental killing. Defendant's argument has merit and we agree. The Court, in *State v. Earley*, 232 N.C. 717, 62 S.E. 2d 84 (1950), established that where the court so instructs, as in this case, it is error because the defendant's plea of an accidental killing is made unavailable to him upon a finding by the jury that he was merely negligent in the handling of the gun, rather than culpably negligent. The Court in *Earley* further held that the defendant was entitled to have the jury instructed as to the requirement of a finding of culpable negligence in connection with the instructions on defendant's plea that the killing was accidental. *Accord, State v. Faust*, 254 N.C. 101, 118 S.E. 2d 769, 96 A.L.R. 2d 1422, *cert. denied,* 368 U.S. 851 (1961); *State v. Kluckhohn*, 243 N.C. 306, 90 S.E. 2d 768 (1956); *State v. Adams*, 2 N.C. App. 282, 163 S.E. 2d 1 (1968). *See Homicide, Fourth Annual Survey of North Carolina Case Law,* 35 N.C.L. Rev. 177, 213 (1957). Instructions as to the requirement of criminal negligence in other portions of the charge are not sufficient to make the error harmless beyond a reasonable doubt.

---

[1]The charge was taken from the Pattern Jury Instructions, N.C.P.I. — Crim. 307.10, the pertinent part being:

I charge you that if you find from this evidence that the killing of the deceased was accidental, that is, that (*name victim*)'s death was brought about by an unknown cause or that it was from an unusual or unexpected event from a known cause, and you also find that the killing of the deceased was unintentional, that at the time of the homicide the defendant was engaged in the performance of a lawful act without any intention to do harm and that at the time he was using proper precautions to avoid danger, if you find these to be the facts, remembering that the burden is upon the State, then I charge you that the killing of the deceased was a homicide by misadventure and if you so find, it would be your duty to render a verdict of not guilty as to this defendant.

For this error in the charge, there must be a

New trial.

Judges CLARK and ARNOLD concur.