STATE OF NORTH CAROLINA v. ROBERT TURNER

No. COA05-1046

(Filed 2 May 2006)

## 1. Motor Vehicles— driving while impaired—instruction— expiration date on vials used to collect blood samples

The trial court did not err in a driving while impaired case by failing to give the requested instruction on the expiration date of the vials used to collect the blood samples, because: (1) conflicting expert testimony was presented concerning whether the fact the tubes expired two months prior to their use affected the validity of the blood test; (2) the trial court instructed the jury from N.C.P.I. Crim. 104.94 on how they were to consider expert testimony; and (3) the trial court gave in substance the last two sentences of defendant's request, but declined the first two sentences since they were not accurate statements of the law when it was merely a reiteration of a defense expert's testimony.

## 2. Evidence— cross-examination—prior statements—waiver

The trial court did not err in a driving while impaired case by permitting the State to cross-examine defendant regarding his prior district court testimony and further by instructing the jury regarding defendant's prior statements, because: (1) there is no proof in the record or trial transcript of defense counsel requesting the contents of the prior statement during the State's cross-examination of defendant, nor did defense counsel request the bench conference to be recorded; (2) absent proof defense counsel asked for and failed to receive the contents of defendant's prior statement, there was no violation of N.C.G.S. § 8C-1, Rule 613; and (3) although the transcript revealed defense counsel questioned the inclusion of the jury instruction regarding prior inconsistent and consistent statements made by defendant due to

there being no presentment of the prior statement, defendant waived consideration of this issue by failing to submit any argument or citation of authority.

### 3. Evidence— credibility—instruction—defendant an interested witness

The trial court did not err in a driving while impaired case by instructing the jury that defendant was an interested witness, because: (1) the pertinent portion of the jury instruction was a full and accurate statement of the law; and (2) our Supreme Court has ratified the use of jury instructions whereby a testifying defendant is declared to be an interested witness. Further, N.C. R. App. P. 9(a)(3)f provides 'that the record on appeal in criminal cases needs to contain the transcript of the entire jury charge given by the trial court where error is assigned to the giving or omission of instructions to the jury, and this defect is not cured by filing the trial transcript with the Court of Appeals.

### 4. Appeal and Error— preservation of issues—failure to argue

Assignments of error numbers one and four are abandoned pursuant to N.C. R. App. P. 28(b)(6) because defendant failed to argue them.

Appeal by defendant from judgment entered 4 May 2005 by Judge Karl Adkins in Mecklenburg County Superior Court. Heard in the Court of Appeals 30 March 2006.

*Attorney General Roy Cooper, by Special Counsel Isaac T. Avery, III, for the State.*

*Vann Law Firm, P.A., by Christopher M. Vann for defendant-appellant.*

CALABRIA, Judge.

Robert Turner ("defendant") appeals from a judgment entered upon a jury verdict finding him guilty of driving while impaired. We find no error.

The State presented evidence at trial that Corporal Steven Copley ("Corporal Copley") observed defendant run a red light and nearly collide with Sergeant James Rollins ("Sergeant Rollins") at the intersection of Highway 51 and U.S. 521 between the late evening hours of 25 December and the early morning hours of 26 Decem-

ber 2002. Sergeant Rollins followed defendant and Corporal Copley followed Sergeant Rollins. Sergeant Rollins stopped defendant and approached his automobile. Sergeant Rollins obtained defendant's driver's license and told Corporal Copley he smelled alcohol on defendant's breath.

Corporal Copley took over the investigation, approached defendant's automobile, noticed his eyes were red and glassy, and noted he was redolent of alcohol. Corporal Copley asked defendant if he had consumed any alcohol and defendant replied "[I] did have one beer about an hour and-a-half ago." Corporal Copley then put defendant through a series of sobriety tests including: stating the ABC's from beginning to end "without singing;" placing his finger to his nose with his feet shoulder length apart, head tilted slightly back and eyes closed; and performing the heel to toe walking test. Defendant failed each test (Id.). Corporal Copley administered an Alco-Sensor test on defendant and concluded "defendant . . . had consumed a sufficient amount of an impairing substance as to appreciably impair his mental and physical capabilities or both." Corporal Copley placed defendant under arrest for driving while impaired (DWI).

In transit to the Mecklenburg County Intake Center, defendant developed chest pains and Corporal Copley immediately notified dispatch he needed an ambulance. The ambulance arrived and transported defendant to Presbyterian Hospital ("hospital"). While in the examination room, defendant informed Corporal Copley he wanted to "call a lawyer or look at a phone book." Corporal Copley gave defendant a phone book and advised him he would be asked to submit to a blood test. Defendant signed a form acknowledging his blood test rights. Corporal Copley called the Mecklenburg County Sheriff's Office and requested a blood test kit be sent to the hospital. A registered nurse performed the blood test on defendant. Corporal Copley placed the blood collection tubes ("the tubes") containing defendant's blood into the police property room.

On 14 January 2003, Jennifer Mills ("Ms. Mills"), a forensic chemist with the Charlotte Police Department Crime Laboratory, analyzed defendant's blood which indicated an alcohol concentration of 0.15. Paul Glover ("Mr. Glover"), a research scientist and training specialist for the Forensic Tests for Alcohol Branch of the North Carolina Department of Health and Human Services, rebutted the testimony of defendant's expert, Dr. Roger Russell ("Dr. Russell"), a forensic pathologist. Under cross-examination, Mr. Glover read a letter dated 3 December 2003 which was sent to Dr. Russell by the manufacturer

of the tubes ("the manufacturer") used to collect blood samples such as defendant's. The December 2003 letter stated the manufacturer recommended the tubes not be used past the expiration date. However, on re-direct examination, Mr. Glover read a letter from the manufacturer dated 7 May 1999 explaining the reason for the recommendation was "solely because the vacuum loss over time." Further, the May 1999 letter also declared "using the tubes within a reasonable time period after expiration would have negligible impact on the accuracy of the blood alcohol examinations."

At trial, defendant's expert, Dr. Russell, testified when he examined defendant's blood samples in January of 2004, they were black in color and "[were] absolutely the wors[t] I have ever seen." Dr. Russell testified the tubes used to collect defendant's blood expired in October of 2002. Dr. Russell testified as the tubes get old, air seeps in and with it moisture, which can degrade the preservatives in the blood. Dr. Russell testified "once you got to the expiration date there is no period beyond the expiration date which the tube should ever be used." Dr. Russell testified the use of the expired tubes combined with "leaving the tube . . . from December 26th through January 7th at room temperature," produced "results [that] should be disregarded."

On 8 October 2004, defendant was convicted of DWI in Mecklenburg County District Court. Defendant appealed for a trial *de novo* in Superior Court. On 4 May 2004, the jury found defendant guilty of DWI. Defendant was sentenced to 30 days in the custody of the Mecklenburg County Sheriff. Defendant's sentence was suspended and he was placed on unsupervised probation for 12 months. Defendant appeals.

I. *Requested Jury Instruction—Test Tubes*:

[1] Defendant argues the trial court erred in failing to give a requested instruction on the expiration date of the vials used to collect the blood samples. Defendant contends that because the tubes used were expired, the results indicating a blood alcohol level above the legal limit had no value, and thus, a jury instruction to that effect was required. We disagree.

"On appeal, this Court reviews jury instructions contextually and in their entirety." *State v. Crow*, 175 N.C. App. 119, 127, 623 S.E.2d 68, 73 (2005). Thus, "[i]f the instructions 'present[] the law of the case in such [a] manner as to leave no reasonable cause to believe the jury was misled or misinformed,' then they will be held to be suffi-

cient." *Id.* (quoting *Jones v. Development Co.*, 16 N.C. App. 80, 86-87, 191 S.E.2d 435, 440 (1972)). Further, "[t]he appealing party must demonstrate that the error in the instructions was likely to *mislead the jury.*" *Id.* (emphasis added). " 'In a criminal trial the judge has the duty to instruct the jury on the law arising from all the evidence presented.' " *State v. Smith*, 360 N.C. 341, 346, 626 S.E.2d 258, 261 (2006) (quoting *State v. Moore*, 75 N.C. App. 543, 546, 331 S.E.2d 251, 253 (1985)). "A trial court *must give a requested instruction* if it is a correct statement of the law and is supported by the evidence." *State v. Haywood*, 144 N.C. App. 223, 234, 550 S.E.2d 38, 45 (2001) (emphasis added).

In the instant case, conflicting expert testimony was presented concerning whether the fact the tubes expired two months prior to their use affected the validity of the blood test. The trial judge instructed the jury from North Carolina Pattern Jury Instruction 104.94 on how they were to consider expert testimony, stating: "You should consider the opinion of an expert witness, but you're not bound by it." The defendant requested the following language be added to North Carolina Pattern Jury Instruction 270.20, "Impaired Driving—Including Chemical Test."

> The expiration date on the test tubes used to collect the defendant's blood sample had passed when the samples were collected. There has been evidence that the passage of the expiration date caused the blood sample to degrade such that the result was not accurate. You are the sole judges of the weight to be given any evidence. By this I mean, if you decide that certain evidence is believable you must then determine the importance of that evidence in light of all other believable evidence in the case.

The last two sentences of defendant's request were given in substance by the trial court when it instructed the jury: "You are the sole judges of the weight to be given any evidence. By this I mean if you decide that certain evidence is believable you must then determine the importance of that evidence in light of all other believable evidence in the case." The first two sentences of defendant's request, however, are not accurate statements of the law, but merely a reiteration of Dr. Russell's expert testimony. When instructing the jury, the trial court is no longer required to summarize or recapitulate the evidence presented during the case. N.C. Gen. Stat. § 15A-1232 (2005). Had the trial court given the requested instruction, it would have been tantamount to the court sanctioning the testimony of defendant's expert

and would have contradicted the trial court's instructions to the jury on how they should consider expert testimony. It would also violate the trial court's duty not to express an opinion concerning the evidence. *Id.* What the defendant asked for is not a correct statement of the law, but rather his version of the evidence in the guise of a jury instruction. The trial court properly refused to give this instruction. This assignment of error is overruled.

II. *Cross-Examination and Jury Instruction—Prior Statement*:

[2] Defendant next argues the trial court erred by permitting the State to cross-examine the defendant regarding his prior district court testimony and further erred by instructing the jury regarding defendant's prior statements. We disagree.

We note defendant assigned as error "[t]he court's instruction to the jury regarding . . . impeachment or corroboration by a prior statement." However, in his brief, defendant cited no authority and presented no argument pertaining to this alleged error. Thus, according to N.C. R. App. P. 28(b)(6) (2005), it is abandoned.

N.C. R. Evid. 613 states "[i]n examining a witness concerning a prior statement made by him, whether written or not, *the statement need not be shown nor its contents disclosed to him* at that time, *but on request the same shall be shown or disclosed to opposing counsel.*" N.C. Gen. Stat. § 8C-1, Rule 613 (2005) (emphasis added).

In the instant case, there is no proof in the record or trial transcript of defense counsel requesting the contents of the prior statement during the State's cross-examination of the defendant. Defense counsel objected to the State's questioning and asked to approach the bench. After the bench conference, the State resumed its cross-examination of defendant's prior statements. Defense counsel had the opportunity to request that any bench conference conversations be put in the record. "If . . . either party requests that the subject matter of a private bench conference be put on the record for possible appellate review, the trial judge should comply by reconstructing, as accurately as possible, the matter discussed." *State v. Cummings*, 332 N.C. 487, 498, 422 S.E.2d 692, 698 (1992). However, defense counsel failed to request the bench conference be recorded. Absent proof defense counsel asked for and failed to receive the contents of defendant's prior statement, there is no violation of N.C. R. Evid. 613. Though we do note the transcript reveals defense counsel questioning the inclusion of the *jury instruction* regarding prior

inconsistent and consistent statements made by the defendant due to there being no "presentment of the [prior] statement," defendant waived consideration of that contention by failing to submit any argument or citation to authority. This assignment of error is overruled.

III. *Jury Instruction—Interested Witness:*

**[3]** Defendant argues the trial court erred by instructing the jury that defendant was an interested witness. Defendant contends the instruction unfairly prejudiced defendant regarding his right to testify. We disagree.

"[I]nstructions on the credibility of interested witnesses concern a subordinate feature of the case." *State v. Watson*, 294 N.C. 159, 168, 240 S.E.2d 440, 446 (1978). Nevertheless, "once the court elects to charge on such a feature, it must do so fully and accurately." *Id.* Thus, our Supreme Court has required "that the jury must also be instructed to the effect that if, after such scrutiny, they believed the testimony it should be given the same weight and credence as the testimony of any witness." *State v. Eakins*, 292 N.C. 445, 447, 233 S.E.2d 387, 388 (1977). "[T]he trial court may instruct on the defendant's status as an interested witness . . . ." *Watson*, 294 N.C. at 168, 240 S.E.2d at 446; *see also Eakins*, 292 N.C. at 447, 233 S.E.2d at 388 (stating "[w]e have approved charges that the jury should scrutinize the testimony of a defendant . . . in light of [his] interest in the verdict.")

In the instant case, the trial court's pertinent instruction read

[i]n deciding whether or not to believe a witness you may take his interest into account. If, after doing so, you believe his testimony in whole or in part you should treat what you believe the same as any other believable evidence.

Pursuant to *Watson* and *Eakins, supra,* this portion of the jury instruction relevant to the defendant as an interested witness was a full and accurate statement of the law. Moreover, our Supreme Court has ratified the use of jury instructions whereby a testifying defendant is declared to be an interested witness.

We also note that Rule 9(a)(3)f of the Rules of Appellate Procedure provides that in criminal cases the record on appeal "shall contain" a transcript of the entire jury charge given by the trial court "where error is assigned to the giving or omission of instructions to the jury[.]" N.C. R. App. P. 9(a)(3)f (2005). In this case, two of the three arguments defendant makes to this Court pertain to the trial

court's jury instructions. It was mandatory that the jury instructions be included in the record on appeal. This defect is not cured by filing the trial transcript with this Court. Increasingly, records on appeal in criminal cases are coming to this Court in this manner. I would admonish counsel that the Rules of Appellate Procedure are mandatory and a party's failure to comply with them not only frustrates the review process, but subjects the party to sanctions, including dismissal of the appeal. *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005); N.C. R. App. P. 25(b) (2005). This assignment of error is overruled.

**[4]** Defendant failed to argue assignments of error numbers one and four and thus, pursuant to N.C. R. App. P. 28(b)(6) (2005), they are abandoned.

No error.

Judges McCULLOUGH and STEELMAN concur.